**In The United States District**
**For the Northern District of Texas**
**Lubbock Division**

# FILED

## May 21, 2018

KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| Lonnie Kade Welsh | § | |
| Plaintiff | § | |
| v. | § | Case NO. |
| | § | |
| Correct Care Recovery Solutions et.al. | § | |
| Defendants | § | |

42 U.S.C.S. 1983, 42 U.S.C.S. 1985, 42 U.S.C. 1986,28 U.S.C.S 1367...
18 U.S.C.S.3231,18 U.S.C.S. 241 18 U.S.C.S. 242...

Amend Complaint...

i

Parties to Complaint

Plaintiff
　　　　Lonnie Kade Welsh

Defendants,
　　　　Correct Care Recovery Solutions, Chris Woods, Amy Goldstein, Jane Salazar, Mary Leeks, Bill Vanier, Margarito Gonzales, Jacob Richardson, Robbie Spencer, Maria Sanchez, Dustin Tijerina, Kevin Tedder, Leslie Dimwiddie, Arnulfo Hernandez Jr., Edward Towns, A Flores, Jorge Juarez, John and Jane Does, Dr. Russel, City of Littlefield Police Department political agent Mayor Eric Turpen, Albert Garcia... Leon Ponce, Detective Rodriguez, Police Officer Kasting, Chief Ross Hester, Prosecutor Office Political agent Scott Say, Lamb County Attorney Office naming Ricky
Redman as political agent, Lisa Peralta, Daniel Rake, Peter Caswell.

Now comes Lonnie Kade Welsh plaintiff, appearing Pro Se, who humbly pursue claims in violation of the United States Constitution and State Law claims jurisdictional authority is granted to the United States District Court, Northern District Lubbock Division by Federal Statute promulgated by 42 U.S.C.S. 1983, 42 U.S.C.S. 1985, 42 U.S.C.S. 1986, 28 U.S.C.S 1367...  18 U.S.C.S.3241...,18 U.S.C.S. 242... This complaint is brought against the following defendants:

Correct Care Recovery Solutions ( henceforth C.C.R.S.) naming Bryan Thomas principle agent in the State of Texas; Chris Woods in his individual capacity as Director of Security, at Texas Civil Commitment Center(henceforth T.C.C.C.) for C.C.R.S.; Amy Goldstein and Edward Towns in their individual capacity as clinical directors at T.C.C.C. for C.C.R.S.; Bill Vanier, Jane Salazar, Margarito Gonzales in their individual capacity as Captains of security at T.C.C.C. for C.C.R.S.; Jacob Richard, Andrea Flores... (unknown first name), Robbie Spencer, Dustin Tijerina, Kevin Tedder, Arnulfo Hernandez Jr., in their individual capacity as security at T.C.C.C. for C.C.R. S.; Leslie Dinwiddie, Mary Leeks, Maria Sanchez, Jorge Juarez, and John and Jane Does in their individual capacity employees  under various titles described in the complaint at T.C.C.C. for C.C.R.S.. All named defendants act under the color of State Law, Texas Health & Safety Code 841 as employees' of C.C.R.S., operators and managers of the Texas civil commitment program at T.C.C.C, in Littlefield, TX. Performing the public function in a joint action with T.C.C.O.

Plaintiff names Lisa Peralta, Daniel Rake, and Peter Caswell in their individual capacity as T.C.C.O. case managers. All named defendants are employed by T.C.C.O. the designated agency running the States Civil Commitment Program under Texas Health & Safety Code 841.

Plaintiff names ( unknown first name) Kasting and Chief Rosss Hester... in their individual capacity whom are officers in the city of Littlefield Police Department; (unknown first name) Rodriguez in his individual capacity in his individual capacity is a City of Littlefield Police Department Lieutenant; Albert Garcia in his individual and official capacity who is the City of Littlefield Police Departments Chief of Police; The city of Littlefield Police Department in it's individual capacity naming Albert Garcia as head political agent in his official capacity. Lamb County Prosecutors

office, The 154th District Attorney's Office ... naming Scott Say as head political agent in his official capacity; The Lamb County Attorney's Office ... In her official capacity Rickie Redman as head political agent... ; All named actors act under the color of the state law and with the authority of The State of Texas to perform the civic duty of upholding the law of the State of Texas....State of Texas Lamb County Attorney's office and Lamb County Prosecutor's the 154th District Attorney Office is located at 100 6th Drive Rm. 111 Littlefield, TX 79339

Plaintiff names Doctor (unknown first name) Russal individual who is a doctor of urology at 3601 4th St., Lubbock, TX 79430. Names actor is cited to have violated the common law in The State of Texas in connection to plaintiff's Constitution Rights claimed herein the complaint providing the nexus of jurisdiction under 28 U.S.C.S 1367(a).

Plaintiff names Doctor Peter Henschel Clinical director of Central Psychological Services acting under color of state law Texas Health & Safety Code 841 in his individual and occupational capacity. Peter Henschel and Central Psychological Services is located at 6116 North Central Expressway, Suite 120 Dallas, TX 75206...

## Count I

A.

On January 22, 2016 about 0630 plaintiff had a verbal no-fighting word altercation between C.C.R.S. staff Hawthorne (not a named defendant). Hawthorne then refused to call central control to allow plaintiff to return to his assigned housing area by opening the locked door.

Security Captain Jane Salazar came to investigate the altercation of verbal non-threating, non-fighting words. Salazar ordered plaintiff to follow her, so she may place him in punitive isolation for an unknown period of time, Plaintiff refused.

Captain Salazar then left, allowing plaintiff to return to his assigned housing area. Captain Salazar returned approximately forty-five minutes after the non-threating, non-fighting words, (verbal only altercation). Captain Salazar was accompanied by Amy Goldstein Clinical Director, Security Captain Vanier, and various security personnel (appeared agitated and aggravated).

Amy Goldstein instructed plaintiff that he had zero choice in the matter of going to punitive isolation. Plaintiff feeling uneasy with all the security refused Ms. Goldstein and asked her to call the police department or leave him alone. Again Ms. Goldstein ordered plaintiff into punitive isolation. Plaintiff asked if he may be allowed to pack his own personal property and effects, (including hygiene) to insure security from mishandling. Ms. Goldstein refused this request. Plaintiff then informed Ms. Goldstein, Captain Vanier, Captain Salazar, and the other security personnel not to touch him or his property, and requested a second time for the police to be called.

Ms. Goldstein then ordered Captain Vanier, Captain Salazar, and other security personnel to seize and assault the plaintiff who was sitting in a chair. Plaintiff resisted this illegal and unlawful seizure and assault upon his person.

Plaintiff by way of natural civil disobedience did by stiffing his body and holding on to various objects to resist the seizure and assault, and to protect the fundamental idea of liberty and speech.

Captain Vainer then took plaintiff to the isolation cell known as SMU. Once in the cell Captain Vanier while taking of the shackles, used the metal jagged edge known as the teeth of the implement of the handcuff as a weapon against the plaintiff. The use of the weapon was an unwanted use with the infliction of pain. Captain Vanier did grind the teeth of the cuff into the plaintiff's right ring finger. This abuse caused the plaintiff's right ring finger to bleed, with the long-term effect of a scar. These actions have caused emotional and mental suffering with extraordinary anxiety, the sickness of depression, helplessness, hopelessness, despair, sleepless nights, diminished physical constitution and melancholy.

1. Ms. Amy Goldstein, Captain Vanier, and Captain Jane Salazar did violate plaintiff's United States Constitutional Fourth Amendment right by unreasonable seizing or ordering the seizure of Lonnie Kade Welsh.
2. Ms. Amy Goldstein, Captain Bill Vanier, and Captain Jane Salazar did violate plaintiff's United States Constitutional Fourteenth Amendment Right Due Process of liberty as Lonnie Kade Welsh has the right to be free from the corporal insult of assault.
3. Ms. Amy Goldstein, Captain Bill Vanier, and Captain Jane Salazar did violate plaintiff's United States Constitutional Fourteenth Amendment Fourteenth Amendment Due Process of liberty, as Lonnie Kade Welsh has the right not to have the use of force as punishment.

3

4. Ms. Amy Goldstein, Captain Bill Vanier, and Captain Jane Salazar did violate plaintiff's United States Constitutional Fourteenth Amendment Due Process of liberty, as Lonnie Kade Welsh has the right not to be punished. Texas Department of Criminal Justice (henceforth TDCJ) the paragon of punishment in the State of Texas policy gives rise to liberty interest not to be placed in punitive isolation for non-threating, non-fighting words.

5. Captain Bill Vainer did violate plaintiff's United States Constitutional fourteenth amendment substantive rights by using excessive force on Lonnie Kade Weslh making his ring finger causing bleeding and scaring an act... that shocks the conscience.

6. Ms. Amy Goldstein, Captain Bill Vanier, and Captain Jane Salazar did violate plaintiff's First Amendment right to speech as Lonnie Kade Welsh was assaulted in retaliation of using his right to speech.

7. Ms. Amy Goldstein, Captain Bill Vanier, and Captain Jane Salazar did violate plaintiff's United States Constitutional First, Fourth and Fourteenth Amendment... denied Due Process of Liberty by retaliating against Lonnie Kade Welsh's speech rights ... and protection from unreasonable seizure by the rights found with God and Nature.

8. Amy Goldstein... Behavior Management Technician, Captain Bill Vanier, and Captain Jane Salazar did violate plaintiff's United States Constitutional First Amendment Right to speech by placing a chilling effect of the use of speech.

9. Ms. Amy Goldstein, Bill Vanier, and Captain Jane Salazar did violate plaintiff's United States Constitutional Fourth Amendment protection from unreasonable seizure and Fourteenth Amendment right of Due Process liberty by violating professional judgement of which an ordinary professional would utilize as governed by the Joint Commission on Accreditation of Health care Organization, PMAB use of force techniques , and American Psychiatric Association by the interest created by these organization in their use by Texas Department of State Health Services in State facilities.

10. Ms. Amy Goldstein, Captain Bill Vanier, and Captain Jane Salazar did violate plaintiff's United States Constitutional Fourth Amendment protection from unreasonable seizure and Fourteenth Amendment right of Due Process liberty in the interest created by the State of Texas and C.C.R.S. contract allowing only the use of force in protection of the resident, protection of others, protection of property never to be used to punish, at restrictive means the use force....

11. Ms. Goldstein, Captain Bill Vanier, and Captain Jane Salazar did violate the Common Law Tort Intentional Infliction of emotional distress by causing the mental and emotional suffering with extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, headaches, the sickening of the physical constitution and melancholy destroying the sprit.

12. Amy Goldstein, Bill Vanier, and Captain Jane Salazar did violate the Common Law Tort of false arrest as these actors committed the vigilante arrest of Lonnie Kade Welsh, in Rule. 28 U.S. Code Sec. 1332 in 1948. Under 28 U.S. Code Sec. 1332(a)as stated in this paragraph Count I-A.

13. Amy Goldstein, Bill Vanier, and Captain Jane Salazar did violate the Common Law Tort of false of assault with bodily injury and impermissible and unwanted touching as these actors committed the assault or aid and abet the assault as stated in this paragraph as stated in this paragraph Count I-A.

14. Amy Goldstein, Bill Vanier, and Captain Jane Salazar did violate the Common Law Tort of negligence as these named actors failed to exercise a degree of care, skill, and competence that a reasonably competent professional would exercise under similar circumstance.

## PRAYER FOR RELIEF

B.

1. Plaintiff prays for compensatory relief from defendant Ms. Amy Goldstein in her violation of Plaintiff's Fourth Amendment Rights, in the amount of one hundred thousand dollars and no cents. ($100,000.00).

2. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Ms. Amy Goldstein in her violation of plaintiff's Fourth Amendment Right in the amount of three hundred thousand dollars and no cents ($300,000.00) ….

3. Plaintiff prays for compensatory relief from defendant Ms. Amy Goldstein in her violation of plaintiff's Fourteenth Amendment Rights in the amount one hundred seventy-five thousand dollars and no cents ($175,000.00).

4. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Ms. Amy Goldstein in her violation plaintiff's Fourteenth Amendment Rights in the amount of five hundred twenty-five thousand dollars and no cents (525,000.00).

5. Plaintiff prays for compensatory relief from defendant Ms. Amy Goldstein in her violation of plaintiff's First Amendment Rights in the amount of one hundred thousand dollars and no cents (100,00.00).

6. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Ms. Amy Goldstein in her violation of plaintiff's First Amendment Right in the amount of three hundred thousand dollars and no cents ($300,000.00).

7. Plaintiff prays for compensatory relief from defendant Ms. Amy Goldstein in her violation of the Common Law Tort of intentional infliction of emotional distress in the amount of one hundred fifty thousand dollars and no cents ($150,000.00).

8. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Ms. Amy Goldstein in her violation of Common Law Tort of Intentional infliction of emotional distress in the amount of four hundred fifty thousand dollars and no cents ($450,000.00).

9. Plaintiff prays for compensatory relief from defendant Ms. Amy Goldstein in her violation of Common Law Tort of Assault with body injury and impermissible and unwanted contact in the amount of fifty thousand dollars and no cents ($50,000.00)

10. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Ms. Amy Goldstein in her violation of Common Law Tort of Assault with body injury and impermissible and unwanted contact in the amount of one hundred fifty thousand dollars and no cents ($150,000.00)

11. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Ms. Amy Goldstein in her violation of Common Law Tort of Negligence in the amount of fifty thousand dollars and no cents ($50,000.00).

12. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Ms. Amy Goldstein in her violation of Common Law Tort of Negligence in the amount of one hundred fifty thousand dollars and no cents ($150,000.00).

13. Plaintiff prays for compensatory relief from defendant Amy Goldstein in her violation of the Common Law Tort of False arrest in the amount of Fifty thousand dollars and no cents. ($50,000.00) ...

14. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from Amy Goldstein in her violation of the Common Law Tort of False Arrest in the amount of one hundred fifty thousand dollars and no cents. ($150,000.00). ...

15. Plaintiff prays for compensatory relief from defendant Amy Goldstein in her violation of the Common Law Tort of False Arrest in the amount of Fifty thousand dollars and no cents. ($50,000.00) ...

16. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from Amy Goldstein in her violation of the Common Law Tort of False Arrest in the amount of one hundred fifty thousand dollars and no cents. ($150,000.00) ...

17. Plaintiff prays for compensatory relief from defendant Captain Bill Vanier in his violation of Plaintiff's Fourth Amendment Rights, in the amount of one hundred thousand dollars and no cents. ($100,000.00).

18. Plaintiff prays exemplary relief from defendant Captain Bill Vanier in his violation of Plaintiff's Fourth Amendment Rights, in the amount of three hundred thousand dollars and no cents. ($300,000.00).

19. Plaintiff prays for compensatory relief from defendant Captain Bill Vanier stein in his violation of plaintiff's Fourteenth Amendment Rights in the amount two hundred fifty thousand dollars and no cents ($250,000.00).

20. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Captain Bill Vanier in his violation plaintiff's Fourteenth Amendment Rights in the amount of seven hundred fifty thousand dollars and no cents (750,000.00).

21. Plaintiff prays for compensatory relief from defendant Captain Bill Vanier in his violation of plaintiff's First Amendment Rights in the amount of one hundred thousand dollars and no cents (100,00.00).

22. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Captain Bill Vanier in his violation of plaintiff's First Amendment Right in the amount of three hundred thousand dollars and no cents ($300,000.00).

23. Plaintiff prays for compensatory relief from defendant Captain Bill Vanier in his violation of Common Law Tort of intentional infliction of emotional

distress in the amount of two hundred fifty thousand dollars and no cents ($250,000.00).

24. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Captain Bill Vanier in his violation of Common Law Tort of Intentional infliction of emotional distress in the amount of seven hundred fifty thousand dollars and no cents ($750,000.00).

25. Plaintiff prays for compensatory relief from defendant Bill Vanier in his violation of the Common Law Tort of False arrest in the amount of Fifty thousand dollars and no cents. ($50,000.00) …

26. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from Bill Vainer in his violation of the Common Law Tort of False Arrest in the amount of one hundred fifty thousand dollars and no cents. ($150,000.00). …

27. Plaintiff prays for compensatory relief from defendant Captain Bill Vanier in his violation of Common Law Tort of Assault with body injury and impermissible and unwanted contact in the amount of fifty thousand dollars and no cents ($50,000.00)

28. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Captain Bill Vanier in his violation of Common Law Tort of false arrest in the in the amount of one hundred fifty thousand dollars and no cents ($150,000.00)

29. Plaintiff prays for compensatory relief from defendant Captain Jane Salazar in her violation of Plaintiff's Fourth Amendment Rights, in the amount of one hundred thousand dollars and no cents. ($100,000.00).

30. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Captain Jane Salazar in her violation of plaintiff's Fourth Amendment Right in the amount of three hundred thousand dollars and no cents ($300.000.00).

31. Plaintiff prays for compensatory relief from defendant Captain Jane Salazar in her violation of plaintiff's Fourteenth Amendment Rights in the amount one hundred seventy-five thousand dollars and no cents ($175,000.00).

32. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Captain Jane Salazar in her violation plaintiff's Fourteenth Amendment Rights in the amount of five hundred twenty-five thousand dollars and no cents (525,000.00).

33. Plaintiff prays for compensatory relief from defendant Captain Jane Salazar in her violation of plaintiff's First Amendment Rights in the amount of one hundred thousand dollars and no cents (100,000.00).

34. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Captain Jane Salazar in her violation of plaintiff's First Amendment Right in the amount of three hundred thousand dollars and no cents ($300,000.00).

35. Plaintiff prays for compensatory relief from defendant Jane Salazar in her violation of the Common Law Tort of False arrest in the amount of Fifty thousand dollars and no cents. ($50,000.00) ...

36. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from Jane Salazar in her violation of the Common Law Tort of False Arrest in the amount of one hundred fifty thousand dollars and no cents. ($150,000.00). ...

37. Plaintiff prays for compensatory relief from defendant Captain Jane Salazar in her violation Common Law Tort of intentional infliction of emotional distress in the amount of one hundred fifty thousand dollars and no cents ($150,000.00).

38. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Captain Jane Salazar in her violation of Common Law Tort of Intenational infliction of emotional distress in the amount of four hundred fifty thousand dollars and no cents ($450,000.00).

39. Plaintiff prays for compensatory relief from defendant Captain Jane Salazar in her violation of Common Law Tort of Assault with body injury and impermissible and unwanted contact in the amount of fifty thousand dollars and no cents ($50,000.00).

40. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Captain Jane Salazar in her violation of Common Law Tort of Assault with body injury and impermissible and unwanted contact in the amount of one hundred fifty thousand dollars and no cents ($150,000.00).

## COUNT II

**A.**

On January 22, 2016 plaintiff was unreasonably seized and placed into punitive isolation until February 10, 2016. This was done by C.C.R.S. policy of Behavior Management and in collaboration with the City of Littlefield Police Department... through it's agent Leon Ponce and the Lamb County Attorney's office through it's agent Rickie Redman by practice and custom of the City of Littlefield Police Department... and the Lamb County Attorney's Office. This warrantless arrest was based on accusation of assault, by plaintiff against C.C.R.S., through the events described as facts in Count I-A.

Plaintiff was finally magistrate on February 10, 2016. From February 10, 2016 on or before March 22, 2016 the City of Littlefield Police Department ...and the Lamb County Attorney's office continued the unreasonable seizure in punitive isolation at the Lamb County Jail.

On January 22, 2016 plaintiff did meet with Leon Ponce, Unknown Officer..., and Amy Goldstein. Plaintiff showed Ponce his cut and bleeding right ring finger. Plaintiff did ask for charges to be pressed against Bill Vanier only to be rebuffed by Ponce.

The City of Littlefield Police Department... and the Lamb County Attorney's office did continue the unreasonable seizure knowing and seeing the video of plaintiff being attacked as described in Count I-A. There is an unquestionable right to self-defense under the laws of Texas an ancient and natural right. Where any seizure based on this is by it's own definition unreasonable.

Defendant C.C.C.R. seized plaintiff's property by policy form January 22, 2016 to February 10, 2016. Where per defendant Mary Leeks added to this violation by purposely keeping plaintiff's cloths and hygiene... from January 22, 2016 to on or about January 27, 2016.

1. Defendant C.C.R.S., Leon Ponce, City of Littlefield Police Department,... and Lamb County Attorney's Office did violate plaintiff's United States Constitutional; Fourth Amendment Right of unreasonable seizure with a warrant and failing to provide a magistrate with forty-eight (48) hours

under Texas Code of Criminal Procedure Article 15.17 and constitutional supreme court fiat, from January 22, 2016 to February 10, 2016.

2. City of Littlefield Police Department... and the Lamb County Attorney's Office and Leon Ponce by practice and custom did violate plaintiff's United States Constitution Fourth right of unreasonable seizure by seizing the plaintiff from February 10, 2016 through on or about March 22, 2016 in the Lamb County *jail* by ignoring fact that the plaintiff was assaulted thus, refusing to grant him the ancient and natural right of self-defense recognized under Texas Code of Criminal Procedure Art. 9.31 and 9.32.

3. C.C.R.S. by its behavior management policy, Leon Ponce by City of Littlefield Police Department... and Lamb County Attorney's Office through their practice and culture did violate plaintiff's Fourth and Fourteenth Amendment Right to due process of liberty adjudicated civil detainee, who is civilly committed under Texas Health and Safety Code 841, found not to possess volitional control or the Mens Rea to be criminally culpable. The seizure is from... January 22 through February 10, 2016 for all parties and February 10, 2016 to on or about March 22, 2016 for Leon Ponce, City of Littlefield Police Department,... and Lamb County Attorney's Office.

4. C.C.R.S. did violate by its behavior management policy plaintiff's Texas Constitution Art 1 Section 17, United States Constitutional Fourth, Fifth, and Fourteenth Amendment right to due process of property to be secure in his property and effects and the prevention of the government taking without compensation from January 22, 2016 through February 10, 2016. Plaintiff claims the liberty interest under state law Texas Health & Safety Code 576.001(a), 576.001(b)(1) 592.011,592.031,592.0514....

5. C.C.R.S. did violate by its behavior management policy plaintiff's United Sates Constitutional Fourteenth Amendment against punishment through its punitive isolation and the confiscation of property that only serves the purpose to punish as these items were approved by the facility. Plaintiff claims the liberty interest of TDCJ Texas paradigmatic institution of punishment which only allows fifteen (15) days of this type of isolation. Plaintiff claims the liberty interest under state law Texas Health & Safety Code 571.004(3), 591.005(1),(2)...

6. Mary Leeks did violate plaintiff's United States Constitutional Fourth, and Fourteenth Amendment rights of due process of property and liberty and

11

to be secure in his property and effects as she denied plaintiff hygiene and clothes from January 22, 2016 through on or about January 27, 2016.

7. Leon Ponce, City of Littlefield Police Department... and Lamb County Attorney's Office through their practice and custom did violate plaintiff's Fourteenth Amendment right of privileges of the protection of the laws of the State of Texas, Fundamental rights of citizenship to the protection of it's law by refusing to press or investigate charges of aggravated assault with a weapon against Bill Vanier, or in the alternative assault under Texas Penal Code C.22.01 and 22.02...

8. Leon Ponce, City of Littlefield Police Department ... and Lamb County Attorney's Office by their practice and custom did violate plaintiff's United States Constitutional Fourteenth Amendment Right to equal protection of the law as defined in the instant case he is similarly situated with any citizen of Texas, Citizen of the United States or Foreigner within the states borders to which the Statutes of Texas Penal Code 22.01 and 22.02 offers it protection by inflecting consequences of retribution and deterrence against violators of the Texas Penal Code to protect those who are victimized by another.

9. C.C.R.S. and Mary Leeks did violate the Common Law of Tort of intentional Infliction of emotional distress causing the mental and emotional suffering with extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, headaches, the sickening of the physical constitution and melancholy destroying the sprit.

10. C.C.R.S did violate the Common Law Tort of false imprisonment by erroneously confining without legal authority, plaintiff from January 22, 2016 to February 10, 2016.

11. C.C.R.S and Mary Leeks did violate the Common Law Tort of conversion by exercising domain of plaintiff's personal property, as the intrinsic value to plaintiff as eminence and property confiscated being everything the plaintiff owns and places a value on in this world.

12. C.C.R.S and Mary Leeks did violate did violate the Common Law Tort of negligence as these named actors failed to exercise a degree of care, skill, and competence that a reasonably competent professional would exercise under similar circumstance.

13. Mary Leeks did violate the Common Law of Tort nuisance as she withheld plaintiff's cloths and hygiene with the sole purpose to annoy, frustrate, and cause noxious body odor from plaintiff.

14. Leon Ponce did violate did violate the Common Law Tort of Negligence Per Se as he was negligent in his civic duty and oath to protect. By failing the enforcement of Texas Penal Code 22.01 or 22.02 Statutes under Law of Texas, in which was designed to protect plaintiff as a citizen of the State of Texas and the United States

All named defendents... caused eminence pain and emotional distress caused the mental and emotional suffering with extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, headaches, the sickening of the physical constitution and melancholy destroying the sprit. All named defendant's failed to provide ordinary care a reasonable professional would provide in a similar situation.

## PRAYER FOR RELIEF

B

1. Plaintiff seeks compensatory relief from defendant C.C.R.S. in violation of plaintiff's Fourth Amendment Right in the amount of three hundred thousand dollars and no cents ($300,000,00).
2. Plaintiff seeks exemplary relief from defendant C.C.R.S for punitive, mental, and emotional violation of plaintiff's Fourth Amendment Right in the amount of nine hundred thousand dollars and no cents ($900,000,00).
3. Plaintiff seeks compensatory relief from defendant C.C.R.S. in violation of plaintiff's Fourteenth Amendment Right in the amount of two hundred fifty thousand dollars and no cents ($250,000,00).
4. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from C.C.R.S. in violation of plaintiff's Fourteenth Amendment Right in the amount of seven hundred fifty thousand dollars and no cents ($750,000.00).

5. Plaintiff seeks compensatory relief from defendant C.C.R.S. in violation of plaintiff's Fifth Amendment and Texas Constitution Art. 1 Sec. 17 Right in the amount of one hundred thousand dollars and no cents (100,000.00).

6. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from C.C.R.S. in violation of plaintiff's Fifth Amendment and TX Cont, Art. 1 Section 17 in the amount of three hundred thousand dollars and no cents ($300,000,00).

7. Plaintiff seeks compensatory relief from defendant C.C.R.S. violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of three hundred thousand dollars and no cents ($300,000,00).

8. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from C.C.R.S violated the Common Law Tort of Intentional infliction of emotional distress in the amount of nine hundred thousand dollars and no cents ($900,000.00).

9. Plaintiff seeks compensatory relief from defendant C.C.R.S. in violation of Common Law Tort of False Imprisonment in the amount of three hundred thousand dollars and no cents ($300,000.00).

10. Plaintiff seeks exemplary relief for punitive, mental and emotional damages from C.C.R.S. in violation of Common Law Tort of False Imprisonment in the amount of nine hundred thousand dollars and no cents ($900,000.00).

11. Plaintiff seeks compensatory relief from defendant C.C.R.S. in violation of Common Law Tort of negligence in the amount of two hundred thousand dollars and no cents ($200,000.00).

12. Plaintiff seeks exemplary relief for punitive, mental and emotional damages from C.C.R.S. in violation of Common Law Tort of negligence in the amount of six hundred thousand dollars and no cents ($600,000.00).

13. Plaintiff seeks compensatory relief from defendant Mary Leeks in violation of plaintiff's Fourth Amendment Right in the amount of six hundred dollars and no cents ($600.00).

14. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from Mary Leeks in violation of plaintiff's Fourth Amendment Right in the amount of eighteen hundred dollars and no cents ($1,800.00).

15. Plaintiff seeks compensatory relief from defendant Mary Leeks in violation of plaintiff's Fourteenth Amendment Right in the amount of six hundred dollars and no cents ($600.00).

16. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from Mary Leeks in violation of plaintiff's Fourteenth Amendment Right in the amount of eighteen hundred dollars and no cents ($1,800.00).

17. Plaintiff seeks compensatory relief from defendant Mary Leeks violated the Common Law Tort of Intentional Infliction of Emotional Distress in the amount of six hundred dollars and no cents ($600.00).

18. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from Mary Leeks violated the Common Law Tort of Intentional infliction of emotional distress in the amount of eighteen hundred dollars and no cents ($1,800.00).

19. Plaintiff seeks compensatory relief from defendant C.C.R.S. in violation of Common Law Tort Conversion in the amount of one hundred thousand dollars and no cents ($100,000.00).

20. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from C.C.R.S. in violation of Common Law Tort Conversion in the amount of three hundred thousand dollars and no cents ($300,000.00).

21. Plaintiff seeks compensatory relief from defendant Mary Leeks in violation of Common Law Tort Conversion in the amount of six hundred dollars and no cents ($600.00).

22. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from Mary Leeks in violation of Common Law Tort Conversion in the amount of six hundred dollars and no cents ($600.00).

23. Plaintiff seeks compensatory relief from defendant Mary Leeks in violation of the Common Law Tort Nuisance in the amount of six hundred dollars and no cents ($600.00).

24. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from Mary Leeks in violation of the Common LawTort Nuisance in the amount of eighteen hundred dollars and no cents ($1,800.00).

25. Plaintiff seeks compensatory relief from defendant Leon Ponce in violation of plaintiff's Fourth Amendment Right in the amount of one hundred thousand dollars and no cents ($100,000,00).

26. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from Leon Ponce in violation of plaintiff's Fourth Amendment Right in the amount of three hundred thousand dollars and no cents ($300,000,00).

27. Plaintiff seeks compensatory relief from defendant Leon Ponce in violation of plaintiff's Fourteenth Amendment Right in the amount of one hundred thousand dollars and no cents ($100,000,00).

28. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from Leon Ponce in violation of plaintiff's Fourteenth Amendment Right in the amount of three hundred thousand dollars and no cents ($300,000,00).

29. Plaintiff seeks compensatory relief from defendant Leon Ponce in violation of the Common Law Tort of Negligence Per Se one hundred thousand dollars and no cents (100,000.00).

30. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from Leon Ponce in violation of the Common Law Tort of Negligence per se three hundred thousand dollars and no cents ($300,000.00).

31. Plaintiff seeks compensatory relief from defendant City of Littlefield Police Department,… Texas in violation of plaintiff's Fourth Amendment Right in the amount of One million dollars and no cents ($1,000,000.00).

32. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from City of Littlefield Police Department,… Texas in violation of plaintiff's Fourth Amendment Right in the amount of three million dollars and no cents ($3,000,000.00).

33. Plaintiff seeks compensatory relief from defendant City of Littlefield Police Department,… Texas in violation of plaintiff's Fourteenth Amendment Right in the amount of three million dollars and no cents ($1,000,000.00).

34. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from City of Littlefield Police Department,… Texas in violation of plaintiff's Fourth Amendment Right in the amount of three million dollars and no cents ($3,000,000.00).

35. Plaintiff seeks compensatory relief from defendant Lamb County Attorney's office in violation of plaintiff's Fourteenth Amendment Right in the amount of One million dollars and no cents ($1,000,000.00).

36. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from Lamb County Attorney's office in violation of plaintiff's Fourth Amendment Right in the amount of three million dollars and no cents ($3,000,000.00).

37. Plaintiff seeks compensatory relief from defendant Lamb County Attorney's office, in violation of plaintiff's Fourteenth Amendment Right in the amount of three million dollars and no cents ($1,000,000.00).

38. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from Lamb County Attorney's office in violation of plaintiff's Fourth Amendment Right in the amount of three million dollars and no cents ($3,000,000.00).

## COUNT III

A.

In February 2016 plaintiff who was in the Lamb County Jail received legal mail at the T.C.C.C. from state counsel for offenders who were appointed counsel in plaintiff's appeal from trial. The contents of the letter specifically outlined the appeal and asked for plaintiff's input on any unnamed issues on appeal.... The letter set the time table for when all briefs to be summitted by April the 11th. Plaintiff who returned to the T.C.C.C. on or about March 22, 2016 did not receive his legal mail until Friday April 7th of 2016. This in fact made it impossible for the inclusion of several unaccounted-for issues plaintiff feels are imperative. The holding of the legal mail also precludes the plaintiff from filing a writ of Habeas Corpus in the United States District Courts since the State Court never ruled on his claim. See 28 U.S.C.S. 2254.

Plaintiff who has repeatedly sought redressing of the mail seizure by Writ of Mandamus cannot get the State Court for the 435th Judicial District to rule on this writ.

In effect the cause seems dead. Plaintiff will never be able to utter the words of his own defense of his appeal from trial. It is beyond question it foreclosed the issue of release by appeal. With the added result of increasing plaintiff's commitment.

This was caused by Mary Leeks as mail officer at the T.C.C.C. and at the time the practice and custom of C.C.R.S. to hold legal mail and open legal mail without the addressee present, C.C.R.S. who failed to train Mary Leeks properly presents a causal connection to plaintiff's injuries as at the time C.C.R.S. had no policy in place to insure the timely delivery of legal mail. Either C.C.R.S. purposely failed, and turned a blind eye... or moral should have known the need for such a policy as T.C.C.C. is not the only center for civil commitment ran by C.C.R.S.

1.  C.C.R.S. and Mary Leaks did violate plaintiff's First Amendment right to access of the court by holding plaintiff's mail.

2. C.C.R.S and Mary Leaks did violate plaintiff's United States Constitution and Fourth Amendment right to be secure in his papers by the seizure of his legal mail.

3. C.C.R.S. did violate plaintiff's First, Fourth and Fourteenth Amendment Rights by failing to train Mary Leaks. Practice and culture of withholding legal mail, an/ or lack of policy they morally should have known was needed.

4. C.C.R.S. and Mary Leaks did shock the conscience of the substantive due process of the Fourteenth Amendment by practice and culture to withhold legal mail to invidiously tamper with the legal process.

5. C.C.R.S. and Mary Leaks did violate the Common Law Tort of intentional infliction of emotional distress by causing emotional distress by causing the mental and emotional suffering with extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, headaches, the sickening of the physical constitution and melancholy destroying the sprit.

6. C.C.R.S. and Mary Leaks did violate the Common Law Tort of negligence as these named actors failed to exercise a degree of care, skill, and competence that a reasonably competent professional would exercise under similar circumstance.

7. C.C.R.S. and Mary Leaks did violate the Common Law Tort of conversion by exercising domain over plaintiff legal mail, diminishing the intrinsic value of the legal mail and the reliance the plaintiff placed on it.

All named defendants... caused eminence pain and emotional distress caused the mental and emotional suffering with extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, headaches, the sickening of the physical constitution and melancholy destroying the sprit. All named defendant's failed to provide ordinary care a reasonable professional would provide in a similar situation.

## PRAYER FOR RELIEF...

B.

1. Plaintiff seeks compensatory relief from defendant C.C.R.S. in violation of plaintiff's First Amendment Right in the amount of three one million dollars and no cents ($1,000,000,00).
2. Plaintiff seeks exemplary relief from defendant C.C.R.S for punitive, mental, and emotional violation of plaintiff's First Amendment Right in the amount of three million dollars and no cents ($3,000,000.00).
3. Plaintiff seeks compensatory relief from defendant C.C.R.S. in violation of plaintiff's Fourth Amendment Right in the amount of three one million dollars and no cents ($1,000,000.00).
4. Plaintiff seeks exemplary relief from defendant C.C.R.S for punitive, mental, and emotional violation of plaintiff's Fourth Amendment Right in the amount of three million dollars and no cents ($3,000,000.00).
5. Plaintiff seeks compensatory relief from defendant C.C.R.S. in violation of plaintiff's Fourteenth Amendment Right in the amount of one million dollars and no cents ($1,000,000.00).
6. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from C.C.R.S. in violation of plaintiff's Fourteenth Amendment Right in the amount of three million dollars and no cents ($3,000,000.00).
7. Plaintiff seeks compensatory relief from defendant C.C.R.S. violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of one million dollars and no cents ($1,000,000.00).
8. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from C.C.R.S violated the Common Law Tort of Intentional infliction of emotional distress in the amount of three million dollars and no cents ($3,000,000.00).
9. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant C.C.R.S. violated of Common Law Tort of Negligence in the amount of one million dollars and no cents ($1,000,000.00)
10. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant C.C.R.S. violated of Common Law Tort of Negligence in the amount of one three dollars and no cents ($3,000,000.00)

11. Plaintiff seeks compensatory relief from defendant C.C.R.S. violated Common Law Tort Conversion in the amount of one million dollars and no cents ($1,000,00.00).

12. Plaintiff seeks exemplary relief from defendant C.C.R.S. violated Common Law Tort Conversion in the amount of three million dollars and no cents ($3,000,000.00).

13. Plaintiff seeks compensatory relief from defendant Mary Leaks in violation of plaintiff's First Amendment Right in the amount of fifty thousand dollars and no cents ($50,000,00).

14. Plaintiff seeks exemplary relief from defendant Mary Leaks for punitive, mental, and emotional violation of plaintiff's First Amendment Right in the amount of one hundred fifty thousand dollars and no cents ($150,000.00).

15. Plaintiff seeks compensatory relief from defendant Mary Leeks in violation of plaintiff's Fourth Amendment Right in the amount of fifty thousand dollars and no cents ($50,000.00).

16. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from Mary Leeks in violation of plaintiff's Fourth Amendment Right in the amount of one hundred fifty thousand dollars and no cents ($150,000.00).

17. Plaintiff seeks compensatory relief from defendant Mary Leeks violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of one hundred thousand dollars and no cents ($100,000.00).

18. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from Mary Leeks violated the Common Law Tort of Intentional infliction of emotional distress in the amount of three hundred thousand dollars and no cents ($300,000.00).

19. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Mary Leeks violate Common Law Tort of Negligence in the amount of one hundred thousand dollars and no cents ($100,000.00)

20. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Mary Leeks violated of Common Law Tort of Negligence in the amount of three hundred thousand dollars and no cents ($300,000.00)

21. Plaintiff seeks compensatory relief from defendant Mary Leeks violated Common Law Tort Conversion in the amount of one hundred thousand dollars and no cents ($100,000.00).

20

22. Plaintiff seeks exemplary relief from defendant Mary Leeks violated Common Law Tort Conversion in the amount of three hundred thousand dollars and no cents ($300,000.00).

23. Plaintiff seeks declaratory or injunctive or relief in equity showing good cause by the circumstances of the delay to forego the requirements of Hebeas Corpus under 28 U.S.C.S. 2254 to exhaust all state review process....

## COUNT IV

A.

Without a due process ...on February 3, 2017 plaintiff by C.C.R.S. behavior management policy was placed in punitive isolation until February 7, 2017 the being the start of a punitive confinement scheme designed by policy to deny or restrict all of plaintiff's known rights. This confinement and restraint was without due process hearing or other... which was also designed by policy running... uninterrupted from February 3, 2017 to November 27, 2017. Outside February 3, 2017 through February 7, 2017 plaintiff was place in force lockdown for thirteen to fifteen hours a day. Plaintiff was denied regular visitation and specifically denied visitation by Daniel Rake T.C.C.O. case manager over the fourth of July holiday which is plaintiff's birthday whom sought a visit with his family.

These atrocities mount when the total of the brutality comes into focus. Recreation consisted of a room with a phone... until plaintiff filed his first suit (later dismissed without prejudice for failure to serve an amended complaint). Defendants being served with the complaint brought... a deck of cards a puzzle with missing pieces and a handball using as the court the outside patio space considered a recreation yard which is too small... The recreation consisted of no real value,... This being atypical compared to the rest of T.C.C.C.

Plaintiff was denied the right to pursue a quality of life by restricting his property, commissary and... vendor order. Allowed only once less than... fifty-dollar vender order in June, and one fifteen commissary order in August, plaintiff had another order in August but only allowed pieces at a time. Under this system plaintiff lost twenty-five pounds of flesh. "All this is atypical

confinement scheme compared to the normal incidents of commitment life at T.C.C.C."

Plaintiff was denied all his other personal property except basics, ... plaintiff was allowed clothes, legal, hygiene, and stationary. All other personal property of plaintiff was taken from him though all items are of the facility approved non-contraband property type. Plaintiff owns a TV, radio, Ps3 game console variety of games and other personal property.

On or about March 5, 2017 Mary Leeks, refused to give plaintiff's soap and tooth paste for five days. These items being denied were inside plaintiff's property that was confiscated...

Plaintiff was denied all First Amendment rights or restrained where they possess no real value. As mention the right to visit as plaintiff is not a prisoner and no law technical has diminished his rights of citizenship other than the purpose of confinement of treatment and safety. The denial of news, education, information and other by either TV or radio. Plaintiff being indigent due to confinement was not allowed a substitute provided by the facility, and state, plaintiff did have the means to provide for himself, by his personal property denied to plaintiff by C.C.R.S. policy.

This draconian condition of confinement implemented by C.C.R.S. through policy was without due process hearing, failing to allow plaintiff to utter a word in defense of his rights against C.C.R.S. policy....

It is beyond doubt this policy is arbitrary, imposed punishment adding burdens to plaintiff outside the law of the purpose of confinement, as **plaintiff was denied all therapy.** Under Texas Health & Safety code 841.0831 calls for a seamless transition from confinement to release by Tier system through therapy and counseling. Refusing to provide ordinary care.

The policy being outside C.C.R.S. lawful authority to implement. Failed by any stretch to be the least restrictive alternative... living condition and was made to "punish supplanting the measure of punishment." set down by TDCJ the paragon of societies punishment in Texas.

All TDCJ prison classification would be alternative, as it's general population, G4, G5 and segregation, and Death row are significantly less brutal and barbarous than C.C.R.S. behavior management policy. Even the denial of property not normally implemented by TDCJ can by policy be for only forty-five days.

C.C.R.S., placed plaintiff into this behavior management scheme by criminal accusation of physical contact with an inmate at T.C.C.C. if such actions at C.C.R.S. gave plaintiff a due process hearing about the incident...The assault policy is only forty-five days at T.C.C.C. by C.C.R.S. security rules. ...

All the above actions caused emotional and mental suffering with extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, headaches, sickening of physical constriction, melancholy and sickening of the spirit.

## PRAYER FOR RELIEF

B

1. Daniel Rake did violate plaintiff's United States Constitutional First Amendment right to associate with his family.
2. Daniel Rake did violate plaintiff's United States Constitutional Fourteenth Amendment Right by punishing plaintiff by denial of visit.
3. Daniel Rake did violate the Common Law Tort of Negligence Per Se as he violated his duties under the Texas Health & Safety Code 841 a statute design to improve plaintiff's mental condition by worsening his mental condition be denying his visit with his family.
4. Mary Leeks did violate Fourth Amendment by seizing plaintiff's hygiene for five days.
5. Mary Leeks did violate the Common Law Tort of Conversion by exercising dominion over plaintiff's personal property as the intrinsic value for this property was utilized for plaintiff's hygienical health.
6. Mary Leeks did violate the Fourteenth... Amendment to ordinary care through the plaintiff and Mary Leeks special relationship.
7. Mary Leeks did violate the Common Law Tort of Nuisance by denying plaintiff his hygiene to agitate and cause noxious odors.

23

8. Mary Leeks did violate the Common Law Tort of Intentional Inflection of emotional distress by causing the mental and emotional suffering with extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, headaches, the sickening of the physical constitution and melancholy destroying the sprit.

9. Mary Leeks did violate Law of Negligence by failing to provide ordinary care....

10. C.C.R.S. did violate plaintiff United States Constitutional First Amendment Right to associate with his family through visits eliminating of diminishing these rights, be denial of news..., information, education, and other through TV or radio and failing to provide an alternative or allowing plaintiff to provide for himself these First Amendment Rights.

11. C.C.R.S. did violate plaintiff United States Fifth Amendment and Texas Constitution Art. 1 Sec. 17 by taking his property without compensation.

12. C.C.R.S. did violate plaintiff United States Fourth Amendment Right in protection of his person and effects from unreasonable seizure.

13. C.C.R.S. did violate plaintiff United States Fourteenth Amendment Right forbidding punishment without adjudication by the denial of all property rights, freedom from restraint, ignoring the purpose of commitment, subjecting plaintiff to conditions worse than TDCJ and destroying plaintiff's physical and mental health as the erroneous burden of confinement cause plaintiff to lose twenty-five pounds of flesh being mentally and physically egregious.

14. C.C.R.S. did violate plaintiff United States Constitutional Fourteenth Amendment Right to the liberty by his confinement being the least restrictive se confinement setting and the liberty interest promulgated by Texas Health & Safety Section 571.004.

15. C.C.R.S. did violate plaintiff United States Constitutional First, Fourth, Fifth and Fourteenth Amendment Rights by the liberty interest created by State Law Texas Health & Safety code 576.001 (a) and 592.011(a).

16. C.C.R.S. did violate plaintiff's United States Constitutional Fourth and Fourteenth Amendment Right, to acquire, use, and dispose of property this being in the liberty interest of plaintiff under Texas Health & Safety Code 576.001,576.001(b),592.011,592.031,592.051(4)...

17. C.C.R.S. did violate plaintiff's United States Constitutional Right equal protection under the law of other mental health detainee's right promulgated by the laws in the State of Texas by Texas Administration

Cod 25, Texas Health and Safety Code, designed for the mentally ill and retarded civil commitment schemes who defendant similarly situated to under the law....

18. C.C.R.S. did violate Common Law of Intentional infliction of emotional distress by causing the mental and emotional suffering with extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, headaches, the sickening of the physical constitution and melancholy destroying the sprit.

19. C.C.R.S did violate the Common Law Tort of conversion by exercising domain of plaintiff's personal property, as the intrinsic value to plaintiff was self-evident being everything the plaintiff owns and places a value on in this world.

20. C.C.R.S, did violate the Common Law Tort of negligence as these named actors failed to exercise a degree of care, skill, and competence that a reasonably competent professional would exercise under similar circumstance.


## PRAYER FOR RELIEF

B.

1. Plaintiff seeks compensatory relief from defendant Daniel Rake in violation of plaintiff's First Amendment Right in the amount of ten thousand dollars and no cents ($10,000,00).

2. Plaintiff seeks exemplary relief from defendant Daniel Rake for punitive, mental, and emotional violation of plaintiff's First Amendment Right in the amount of thirty thousand dollars and no cents ($30,000,00).

3. Plaintiff seeks compensatory relief from defendant Daniel Rake in violation of plaintiff's Fourteenth Amendment Right in the amount of ten thousand dollars and no cents ($10,000,00).

4. Plaintiff seeks exemplary relief from defendant Daniel Rake for punitive, mental, and emotional violation of plaintiff's Fourteenth Amendment Right in the amount of ten thousand dollars and no cents ($30,000,00).

5. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Daniel Rake violated of Common Law Tort of

Negligence Per Se in the amount of ten thousand dollars and no cents ($10,000.00)

6. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Daniel Rake violated of Common Law Tort of Negligence Per Se in the amount of thirty thousand dollars and no cents ($30,000.00)

7. Plaintiff seeks compensatory relief from defendant Mary Leeks in violation of plaintiff's fourth Amendment Right in the amount of five thousand dollars and no cents ($5,000,00).

8. Plaintiff seeks exemplary relief from defendant Mary Leeks for punitive, mental, and emotional violation of plaintiff's Fourth Amendment Right in the amount of fifteen thousand dollars and no cents ($15,000,00).

9. Plaintiff seeks compensatory relief from defendant Mary Leeks in violation of plaintiff's fourteenth Amendment Right in the amount of five thousand dollars and no cents ($5,000,00).

10. Plaintiff seeks exemplary relief from defendant Mary Leeks for punitive, mental, and emotional violation of plaintiff's Fourteenth Amendment in the amount of fifteen thousand dollars and no cents (15,000.00).

11. Plaintiff seeks compensatory relief from defendant Mary Leeks violated Common Law Tort of Conversion in the amount of five thousand dollars and no cents ($5,000.00).

12. Plaintiff seeks exemplary relief from defendant Mary Leeks violated Common Law Tort of Conversion in the amount of fifteen thousand dollars and no cents ($15,000.00).

13. Plaintiff seeks compensatory relief from defendant Mary Leeks in violation of the Common Law Tort Nuisance in the amount of five thousand dollars and no cents ($5,000.00).

14. Plaintiff seeks exemplary relief from defendant Mary Leeks in violation of the Common Law Tort Nuisance in the amount of fifteen thousand dollars and no cents ($15,000.00).

15. Plaintiff seeks compensatory relief from defendant Mary Leeks violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of five thousand dollars and no cents ($5,000.00).

16. Plaintiff seeks exemplary relief from defendant Mary Leeks violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of fifteen thousand dollars and no cents ($15,000.00)....

17. Plaintiff seeks compensatory relief from defendant C.C.R.S. in violation of plaintiff's First Amendment Right in the amount of one million dollars and no cents ($1,000,000,00).

18. Plaintiff seeks exemplary relief from defendant C.R.S. for punitive, mental, and emotional violation of plaintiff's First Amendment Right in the amount of three million dollars and no cents ($3,000,000,00).

19. Plaintiff seeks compensatory relief from defendant C.C.R.S. in violation of plaintiff's Fifth Amendment and Texas Constitution Art.1sec.17 in the amount of two hundred and fifty thousand dollars and no cents (250,000,00).

20. Plaintiff seeks exemplary relief from defendant C.C.R.S. for punitive, mental, and emotional violation of plaintiff's Fifth Amendment Right in the amount of seven hundred fifty thousand dollars and no cents ($750,000,00).

21. Plaintiff seeks compensatory relief from defendant C.C.R.S. in violation of plaintiff's Fourth Amendment Right in the amount of one million dollars and no cents ($1,000,000,00).

22. Plaintiff seeks exemplary relief from defendant C.C.R.S for punitive, mental, and emotional violation of plaintiff's Fourth Amendment Right in the amount of three million dollars and no cents ($3,000,000,00).

23. Plaintiff seeks compensatory relief from defendant C.C.R.S. in violation of plaintiff's Fourteenth Amendment Right in the amount of five million dollars and no cents ($5,000,000,00).

24. Plaintiff seeks exemplary relief from defendant C.C.R.S. for punitive, mental, and emotional violation of plaintiff's Fourteenth Amendment Right in the amount of fifteen million dollars and no cents ($3,000,000,00).

25. Plaintiff seeks compensatory relief from defendant C.C.R.S violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of five million dollars and no cents ($5,000,000.00).

26. Plaintiff seeks exemplary relief from defendant C.C.R.S violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of fifteen million dollars and no cents ($15,000,000.00).

27. Plaintiff seeks compensatory relief from defendant C.C.R.S violated Common Law Tort of Conversion in the amount of one million two hundred fifty thousand dollars and no cents ($1,250,000.00).

28. Plaintiff seeks exemplary relief from defendant C.C.R.S violated Common Law Tort Conversion in the amount of three million seven hundred fifty thousand dollars and no cents (3,750,000.00).

29. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant C.C.R.S violated of Common Law Tort of Negligence... in the amount of five million dollars and no cents ($5,000,000.00).

30. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Daniel Rake violated of Common Law Tort of Negligence...  in the amount of fifteen million dollars and no cents ($15,000,000.00).

## COUNT V

A.

From February 3, 2017 through on or about November 27, 2017... C.C.R.S. clinical director Amy Goldstein, February 3, through on or about April 13, 2017 and Edward Towns from on or about April 13 to November 28, 2017 and by C.C.R.S. practice and custom refused to engage plaintiff in therapy... or sex offender counseling. All three defendants made verbal and written promises to plaintiff to conduct the therapy and counseling sessions. C.C.R.S is under contract to provide this service with the State of Texas Agency T.C.C.O.

Mr. Edward Towns made a token attempt twice in October for no more than an hour for both days combined total plaintiff sessions.... Mr. Towns even wrote a bogus report to plaintiff reviewing court of the 435th Judicial District Montgomery County Texas in a biennial assessment by the court Mr. Towns knowingly and with falsehood did intend to influence the proceedings by writing to the court on how plaintiff has refused treatment and his behavior precludes the ability to treat. Though plaintiff has absolute proof to the contrary.

Amy Goldstein, Edward Towns and C.C.R.S. has increased plaintiff time in commitment by refusing to treat and proved counseling. Under Texas Health & Safety code 841.0831 calls for a seamless transition from confinement to release by Tier system through therapy and counseling. Refusing to provide ordinary care.

In effect the plaintiff has lost two hundred ninety-three days of confinement plus two hundred ninety-three days he must make-up for the missed counseling. Plaintiff must serve five hundred eighty-six added days to make up for the harm inflicted upon plaintiff, by Amy Goldstein, Edward Towns, and C.C.R.S.

The failure to provide therapy caused plaintiff to receive a negative biennial evaluation un Texas Health and Safety Code 841.101 did violate plaintiff's rights to liberty and unreasonable seizure by evaluating plaintiff with a phone diagnosis of ephebophilia. The diagnosis of ephebophilia fails to be a professional medical diagnosis in the mental health professional standards set in the DSM-V with the imagined diagnosis Peter Henschel recommended two more years confinement violating professional standards....

Operated by C.C.R.S. at T.C.C.C. has transformed into a penal... institution inflicting punishment onto plaintiff as commitment serves no purpose for the reason to commit. All named defendants failed to provide care a reasonable professional would provide.... All named defendants caused the mental and emotional suffering with extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, headaches, the sickening of the physical constitution and melancholy destroying the sprit. A reasonable professional would provide under Texas Health and Safety Code 841 in the administration of therapy.

1. Amy Goldstein, Edward Towns, and C.C.R.S.... did violate plaintiff's United States Constitutional First, Fourth and Fourteenth... Amendment Right of association unreasonable seizure, and liberty... by increasing plaintiff's confinement... by five hundred eighty-six days and by failing to give therapy to advance plaintiff's mental health to be released by his biennial examination increasing his confinement, by five hundred eighty-six days lost to meaningful association with his family and friends, and also the total implemented at increasing his confinement, these The total implemented at increasing his confinement, these days are lost to meaningful association

with his family and friends the totality implemented impermissible punishment....

2. Edward Towns did violated plaintiff's First, Fourth, Fourteenth United States Constitution association, unreasonable seizure, and to liberty at denying and delaying his liberty, the unreasonable seizure of his person. The Re commitment of Lonnie Kade Welsh in the 435th Judicial District by denying and delaying his rejoining of his family and society, by the false report increasing confinement by two more years. ...

3. Doctor Peter Henschel of Central Psychological services did violate plaintiff's United States Constitutional First, Fourth, and Fourteenth Amendment right to association, from unreasonable seizure, and liberty by purposely diagnosing plaintiff with a bogus mental disease not professionally recognized under the standard governing psychological field under the DSM-V. This denied plaintiff his liberty , has unreasonably seized his person, implemented impermissible punishment by purposeless confinement, denied meaningful association with family, friends and society by the use of the phony diagnosis of ephebophilia in Re commitment of Lonnie Kade Welsh biennial review under Texas Health & Safety Code 841.101 reduplicating said contract failing to perform the contractually obligation to plaintiff...

4. Amy Goldstein, Edward Towns, and C.C.R.S. did violate the Common Law Tort of Negligence Per Se defendants failed to provide ordinary care a reasonable professional would under Texas Health and safety Code 841 in the administration of therapy.

5. Amy Goldstein, Edward Towns, and C.C.R.S. did violate the Common Law Tort of Promissory Estoppel to plaintiff upon which plaintiff placed a reliance upon to achieve liberty.

6. C.C.R.S. did violate it's contract with T.C.C.O. to provide therapy and counseling in which plaintiff is a third party beneficiary made especially for plaintiff in his condition of care, confinement, and counseling in which repudiated said contract failing to perform their contractual obligation to plaintiff.

7. Amy Goldstein, Edward Towns, Peter Henschel, and C.C.R.S., did violate the Common Law Tor of Intentional Infliction of Emotional Distress by causing the mental and emotional suffering with extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, headaches, the sickening of the physical constitution and melancholy destroying the sprit....

## PRAYER FOR RELIEF...

B.

1. Plaintiff prays for compensatory relief from defendant Ms. Amy Goldstein in her violation of Plaintiff's Fourteenth Amendment Rights, in the amount of sixty thousand dollars and no cents. ($60,000.00).

2. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Ms. Amy Goldstein in her violation of plaintiff's Fourteenth Amendment Right in the amount of one hundred eighty thousand dollars and no cents ($180.000.00).

3. Plaintiff prays for compensatory relief from defendant Ms. Amy Goldstein in her violation of Plaintiff's First Amendment Rights, in the amount of sixty thousand dollars and no cents. ($60,000.00).

4. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Ms. Amy Goldstein in her violation of plaintiff's First Amendment Right in the amount of one hundred eighty thousand dollars and no cents ($180.000.00).

5. Plaintiff seeks compensatory relief from defendant Any Goldstein in her violation of plaintiff's Fourth Amendment Right in the amount of sixty thousand dollars and no cents ($60,000.00)....

6. Plaintiff prays for exemplary relief for punitive, mental and emotional damages for defendant Amy Goldstein in her violation of plaintiff's Fourth Amendment Right in the amount of one hundred eight dollars and no cents (180,000.00)....

6. Plaintiff seeks compensatory relief from defendant Amy Goldstein in her violation of plaintiff's Fourth Amendment Right in the amount of sixty thousand dollars and no cents ($60,000.00)

7. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Mrs. Amy Goldstein in her violation plaintiff's Fourth Amendment Right in the amount of one d hundred and eight thousand dollars and no cents (180,000.00)....

violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of sixty thousand dollars and no cents ($60,000.00).

8. Plaintiff seeks exemplary relief from defendant Mrs. Amy Goldstein

violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of one hundred eighty thousand dollars and no cents ($180,000.00).

9. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Mrs. Amy Goldstein violated of Common Law Tort of Negligence Per Se in the amount of sixty thousand dollars and no cents ($60,000.00).

10. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Mrs. Amy Goldstein violated of Common Law Tort of Negligence Per Se in the amount of one hundred eighty thousand dollars and no cents ($180,000.00).

11. Plaintiff seeks compensatory relief from defendant Mrs. Amy Goldstein violated Common Law Tort promissory estoppel Per Se in the amount of sixty-thousand dollars and no cents (60,000.00).

12. Plaintiff seeks exemplary relief from defendant Mrs. Amy Goldstein violated Common Law Tort promissory estoppel Per Se in the amount of one hundred eight thousand dollars and no cents (180,000.00).

13. Plaintiff prays for compensatory relief from defendant Mr. Edward Towns in his violation of Plaintiff's Fourteenth Amendment Rights, in the amount of two hundred fifty thousand dollars and no cents. ($2500,000.00).

14. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Mr. Edward Towns in his violation of plaintiff's Fourteenth Amendment Right in the amount of seven hundred fifty thousand dollars and no cents ($750,000.00).

15. Plaintiff prays for compensatory relief from defendant Mr. Edward Towns in his violation of Plaintiff's First Amendment Rights, in the amount of two hundred fifty thousand dollars and no cents. ($250,000.00).

16. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Mr. Edward Towns in his violation of plaintiff's First Amendment Right in the amount of seven hundred fifty thousand dollars and no cents ($750,000.00).

17. Plaintiff prays for compensatory relief from Edward Towns for violating plaintiff's Fourth Amendment right in the amount of tow hundred fifty thousand dollars and no cents ($250,000.00)....

18. Plaintiff prays for exemplary relief for punitive, mental and emotional damages from defendant Edward Towns for Violating Plaintiff's Fourth

Amendment in the amount of seven hundred fifty thousand dollars and no cents ($750,000.00)...

19. Plaintiff seeks compensatory relief from defendant Mr. Edward Towns violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of two hundred fifty thousand dollars and no cents ($250,000.00).

19. Plaintiff seeks exemplary relief from defendant Mr. Edward Towns violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of seven hundred fifty thousand dollars and no cents ($750,000.00).

20. Plaintiff seeks exemplary relief from defendant Mr. Edward Towns violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of seven hundred fifty thousand dollars and no cents ($750,000.00).

21. Plaintiff prays for compensatory relief from Edward Towns for violating plaintiff's Fourth Amendment right in the amount of two hundred fifty thousand dollars and co cents ($250,000.00)

22. Plaintiff seeks exemplary relief from defendant Mr. Edward Towns violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of seven hundred fifty thousand dollars and no cents ($750,000.00).

23. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Mr. Edward Towns violated of Common Law Tort of Negligence Per Se in the amount of two hundred fifty thousand dollars and no cents ($250,000.00).

24. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Mr. Edward Towns violated of Common Law Tort of Negligence Per Se in the amount of one Mr. Edward Towns seven hundred fifty thousand dollars and no cents (750,000.00).

25. Plaintiff seeks compensatory relief from defendant Mr. Edward Towns violated Common Law Tort promissory estoppel Per Se in the amount of two hundred fifty thousand dollars and no cents (250,000.00).

26. Plaintiff seeks exemplary relief from defendant Mr. Edward Towns violated Common Law Tort promissory estoppel Per Se in the amount of seven hundred fifty thousand dollars and no cents (750,000.00).

27. Plaintiff prays for compensatory relief from defendant C.C.R.S in their violation of Plaintiff's Fourteenth Amendment Rights, in the amount of Five million dollars no cents. ($5,000,000.00).

28. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant C.C.R.S in their violation of plaintiff's Fourteenth Amendment Right in the amount of fifteen million dollars and no cents ($15,000.000.00).

29 Plaintiff seeks for compensatory damages against C.C.R.S. in their violation of plaintiffs Fourth Amendment Right in the amount of five million dollars and no cents ($5,000.000.00)...

30. Plaintiff prays for exemplary relief from defendant C.C.R.S. in their violation of plaintiffs Fourth Amendment Right in the amount of fifteen million dollars and no cents (15,000,000.00).

31. Plaintiff prays for compensatory relief from defendant C.C.R.S in their violation of Plaintiff's First Amendment Rights, in the amount of five million dollars and no cents. ($5,000,000.00).

32. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant C.C.R.S in their violation of plaintiff's First Amendment Right in the amount of fifteen million dollars and no cents ($15,000,000.00).

33. Plaintiff seeks compensatory relief from defendant C.C.R.S violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of five million dollars and no cents (5,000,000.00).

34. Plaintiff seeks exemplary relief from defendant C.C.R.S violated violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of one hundred fifteen million dollars and no cents (15,000,000.00)

35. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant C.C.R.S violated of Common Law Tort of Negligence Per Se in the amount of five million dollars and no cents ($5,000,000.00).

36. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant C.C.R.S violated of Common Law Tort of Negligence Per Se in the amount of one fifteen million dollars and no cents ($15,000,000.00).

37. Plaintiff seeks compensatory relief from defendant C.C.R.S violated Common Law Tort promissory estoppel Per Se in the amount of five million dollars and no cents (5,000,000.00).

38. Plaintiff seeks exemplary relief from defendant C.C.R.S violated Common Law Tort promissory estoppel Per Se in the amount of fifteen million and no cents (15,000,000.00)....

39. Plaintiff seeks compensatory relief from C.C.R.S. did violate it's contract with T.C.C.O. to provide therapy and counseling in which plaintiff is a third party beneficiary to contract in the amount of five million dollars and no cents (5,000.000.00).

40. Plaintiff seeks exemplary relief from C.C.R.S. did violate it's contract with T.C.C.O. to provide therapy and counseling in which plaintiff is a third party beneficiary to contract in the amount of fifteen million dollars and no cents (15,000.000.00).

41. Plaintiff seeks for compensatory relief from Peter Henschel for violation plaintiffs First, Fourth, and Fourteenth Amendments Common Law Tort of Intentional Infliction of Emotional Distress in the amount of one million dollars and no cents (1,000,000.00)...

42. Plaintiff prays for exemplary relief from Peter Henschel for violation of plaintiffs First Fourth, and Fourteenth Amendment Common Law Tort of Intentional Infliction of Emotional Distress in the amount of three million dollars and no cents. ($3,000,000,00)...

43 Plaintiff seeks compensatory relief from Peter Henschel for Common Law Tort of Negligence in the amount of one million dollars and no cents (1,000,000,00.)...

44. Plaintiff prays for exemplary from Peter Henschel for Common Law Tort of Negligence in the amount of three million dollars and no cents ($3,000,000,00)...

45. Plaintiff seeks compensatory relief from Peter Henschel who did violate his contract with T.C.C.O. to provide an accurate biennial review in which plaintiff is a third party beneficiary to the contract the amount of one million dollars and no cents (1,000,000.00)...

46. Plaintiff prays for exemplary relief from Peter Henschel wo did violate his contract with T.C.C.O. to provide an accurate biennial review in which plaintiff is a third party beneficiary to the contract in the amount of three million dollars and no cents (3,000,000.00)...

## COUNT VI

A.

On March 21, 2017 Adrian Flores... security at T.C.C.C. did commit the act of aggravated assault with a weapon by deliberately kicking repeatedly a metal trap door located by opening on a locked confinement cell.

Adrian Flores began the assault with a verbal threat., threating plaintiff to break his hand with the metal trap door. Adrian Flores's assault caused severe pain with injuries to his left hand (Left hand became swollen and bruised).
Captain of security Margarito Gonzalez threaten plaintiff by stripping him naked, take his legal papers, stationary and his hygiene. When plaintiff asked for the police to be called, plaintiff asked Jorge Juarez, Nurse Maria Sanchez and several John and Jane Does, C.C.R.S. employees for help and protection and to call the police they refused.

Lonnell Hanks and John Welsh who were informed of the events asked several times for Littlefield Police Department to perform a welfare check. With no response they then called the Sherriff's department and they said they would get ahold of the police department it was in their jurisdiction. After what seemed to be hours (unknown first name) Officer Kasting of the Littlefield Police Department came to the facility.

Plaintiff showed Officer Kasting his bruised and swollen hand asking to press charges. Officer Kasting would only agree to take plaintiff to medical. This being the practice and custom of the Littlefield police department by plaintiff's rights. Plaintiff asked Officer Kasting what his name was so he could file a complaint against him. Officer Kasting Covered his name and badge number, refused to investigate, and left with security officer Gonzalez.

In conjunction with the severe pain caused by the assault. All the above actions caused emotional and mental suffering with extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, headaches, sickening of physical constriction, melancholy and sickening of the spirit.

1. Adrian Flores did violate plaintiff's Fourth Amendment Right by unreasonable seizing his hand with a metal trap door.

2. Adrian Flores did violate plaintiff's fourteenth Amendment Right to be free from the corporal insult.

3. Adrian Flores did violate plaintiff's fourteenth Amendment substantive rights as Flores action of assault and excessive force shocked conscience.

4. Adrian Flores, Margarito Gonzales, Maria Sanchez, Jorge Juarez and the John and Jane does did violate plaintiff's Fourteenth Amendment right to safe conditions, protection, and ordinary care.

5. Officer Kasting and the City of Littlefield Police Department... by it's practice and custom did violate plaintiff's Fourteenth Amendment right of privileges of the protection of the laws of the State of Texas, fundamental rights of citizenship to the protection of it's laws by refusing to press or investigate a criminal act against plaintiff.

6. Adrian Flores for his assaultive conduct.

7. Officer Kasting and the City of Littlefield Police Deparment... by it practice and custom did violate plaintiff's Fourteenth Amendment  right to equal protection of the law as defined in the instance case he is similarly situated with any citizen of Texas, citizens of the United States, or Foreigners within the borders of the State of Texas to the statutes that offer protection by inflicting, consequences of retribution and deterrence against violators of the Texas Penal Code to protect those who are victimized by another.

8. Officer Kasting did violate the Common Law of Tort of Negligence Per Se as he was negligent in his civic duty and oath to protect by failing the enforcement of Texas Penal Code Art. 22.01 or 22.02 statutes under the law of Texas, in which was designed to protect plaintiff as a citizen of the State of Texas and the United States.

9. Adrian Flores and Margarito Gonzales and C.C.R.S. did violate plaintiff United States Constitutional Fourth and Fourteenth Amendment Rights by Seizing plaintiffs from March 21,2017 to April 1, 2017 by placing plaintiff in punitive isolation and punishing plaintiff in the excessive confinement as punishment is defined in the State of Texas by TDCJ. TDCJ the paragon of punishment allows only fifteen days of punitive isolation, and by the liberty interest created by Texas Health & Safety code 571.004 (3),591.005(1) (2)...

10. Adrian Flores, Margarito Gonzales, Maria Sanchez, Jorge Juarez, John and Jane Does did violate the Common Law Tort of negligence as these named actors failed to exercise a degree of care, skill, and competence that a reasonably competent professional would exercise under similar circumstance.

11. Flores, Margarito, Sanchez, Juarez, and  John and Jane Doe did violate the Common Law Tort of Intentional Infliction of Emotional Distress by causing the mental and emotional  suffering with extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, and melancholy destroying the sprirt....

12. Margarito Gonzales and C.C.R.S. by it's policy and custom did violate the Common Law Tort of False Imprisonment from March 21, 2017 to April 1, 2017 by confining plaintiff in punitive isolation....

## PRAYER FOR RELIEF

B.

1. Plaintiff prays for Compensatory relief from defendant Adrian Flores in violation of plaintiff's Fourth Amendment Rights in the amount of fifty thousand dollars and no cents ($50,000.00).

2. Plaintiff prays for Exemplary relief from defendant Adrian Flores in violation of plaintiff's Fourth Amendment Rights in the amount of one hundred fifty thousand dollars and no cents ($150,000.00).

3. Plaintiff prays for Compensatory relief from defendant Adrian Flores in violation of plaintiff's Fourteenth Amendment Rights in the amount of one hundred fifty thousand dollars and no cents ($150,000.00).

4. Plaintiff prays for Exemplary relief from defendant Adrian Flores in violation of plaintiff's Fourteenth Amendment Rights in the amount of four hundred fifty thousand dollars and no cents ($450,000.00).

5. Plaintiff prays compensatory relief from defendant Adrian Flores violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of one hundred thousand dollars and no cents ($100,000.00).

6. Plaintiff seeks exemplary relief from defendant Adrian Flores violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of three hundred thousand dollars and no cents ($300,000.00).

7. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Adrian Flores violated of Common Law

Tort of Negligence in the amount of one hundred thousand dollars and no cents ($100,000.00).

8. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Adrian Flores violated of Common Law Tort of Negligence Per Se in the amount of three hundred thousand dollars and no cents ($300,000.00).

9. Plaintiff prays for Compensatory relief from defendant Margorito Gonzales in violation of plaintiff's Fourteenth Amendment Rights in the amount of one hundred thousand dollars and no cents ($100,000.00).

10. Plaintiff prays for Exemplary relief from defendant Margorito Gonzales in violation of plaintiff's Fourteenth Amendment Rights in the amount of three hundred thousand and dollars and no cents ($300,000.00).

11. Plaintiff prays compensatory relief from defendant Margorito Gonzales violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of one hundred thousand dollars and no cents ($100,000.00).

12. Plaintiff prays exemplary relief from defendant Margorito Gonzales violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of three hundred thousand dollars and no cents ($300,000.00).

13. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Margorito Gonzales violated of Common Law Tort of Negligence... in the amount of one hundred thousand dollars and no cents ($100,000.00).

14. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Margorito Gonzales violated of Common Law Tort of Negligence in the amount of three hundred thousand dollars and no cents ($300,000.00).

15. Plaintiff prays for Compensatory relief from defendant Maria Sanchez in violation of plaintiff's Fourteenth Amendment Rights in the amount of twenty-five hundred dollars and no cents ($2,500.00).

16. Plaintiff prays for exemplary relief from defendant Maria Sanchez in violation of plaintiff's Fourteenth Amendment Rights in the amount of seven thousand hundred dollars and no cents ($7,500.00).

17. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Maria Sanchez violated of Common Law Tort of Negligence... in the amount of twenty-five hundred dollars and no cents ($2,500.00).

39

18. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Maria Sanchez violated of Common Law Tort of Negligence... in the amount of seventy-five hundred dollars and no cents ($7,500.00).

19. Plaintiff prays for Compensatory relief from defendant Maria Sanchez for intentional infliction of emotional distress in the amount of twenty five hundred dollars and no cents ($2500.00)....

20. Plaintiff prays for exemplary relief from defendant Maria Sanchez for intentional infliction of emotional distress in the amount of seventy five hundred dollars and no cents. ($7500.00)...

21. Plaintiff prays for Compensatory relief from defendant Jorge Juarez in violation of plaintiff's Fourteenth Amendment Rights in the amount of twenty-five hundred dollars and no cents ($2,500.00).

22. Plaintiff prays for exemplary relief from defendant Jorge Juarez in violation of plaintiff's Fourteenth Amendment Rights in the amount of seventy-five hundred dollars and no cents ($7,500.00).

23. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Jorge Juarez violated of Common Law Tort of Negligence Per Se in the amount of twenty-five hundred dollars and no cents ($2,500.00).

24. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Jorge Juarez violated of Common Law Tort of Negligence Per Se in the amount of seventy-five hundred dollars and no cents ($7,500.00).

25. Plaintiff prays for Compensatory relief from defendant John Doe in violation of plaintiff's Fourteenth Amendment Rights in the amount of twenty-five hundred dollars and no cents ($2,500.00).

26. Plaintiff prays for exemplary relief from defendant John Doe in violation of plaintiff's Fourteenth Amendment Rights in the amount of seventy-five hundred dollars and no cents ($7,500.00).

27. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant John Doe violated of Common Law Tort of Negligence in the amount of twenty-five hundred dollars and no cents ($2,500.00).

28. Plaintiff prays for Compensatory relief from defendant Jane Doe in violation of plaintiff's Fourteenth Amendment Rights in the amount of twenty-five hundred dollars and no cents ($2,500.00)....

29. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant John Doe violated of Common Law Tort of Negligence  in the amount of seventy-five hundred dollars and no cents ($7,500.00)....

30. Plaintiff prays for exemplary relief from defendant Jane Doe in violation of plaintiff's Fourteenth Amendment Rights in the amount of seventy-five hundred dollars and no cents ($7,500.00).

31Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Jane Doe violated of Common Law Tort of Negligence Per Se in the amount of twenty-five hundred dollars and no cents ($2,500.00).

32.Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Jane Doe violated of Common Law Tort of Negligence in the amount of seventy-five hundred dollars and no cents ($7,500.00).

33.Plaintiff prays for compensatory relief from defendant Officer Kasting in violation of plaintiff's Fourteenth Amendment Rights in the amount of one hundred thousand dollars and no cents ($100,000.00).

34.Plaintiff prays for exemplary relief from defendant Officer Kasting in violation of plaintiff's Fourteenth Amendment Rights in the amount of three hundred thousand dollars and no cents ($300,000.00).

35.Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Officer Kasting violated of Common Law Tort of Negligence ... in the amount of fifty thousand dollars and no cents ($50,000.00).

36.Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Officer Kasting violated of Common Law Tort of Negligence Per Se in the amount of one hundred fifty thousand dollars and no cents ($150,000.00).

37.Plaintiff prays for compensatory relief from defendant City of Littlefield Police Department...in violation of plaintiff's Fourteenth Amendment Rights in the amount of two hundred fifty thousand dollars and no cents ($250,000.00).

38. Plaintiff prays for exemplary relief from defendant City of Littlefield Police Department... in violation of plaintiff's Fourteenth Amendment Rights in the amount of seven hundred fifty thousand dollars and no cents ($300,000.00).

39. Plaintiff prays for compensatory relief from defendant John Doe for the violation of Intentional infliction of emotional distress in the amount of twenty five hundred dollars and no cents ($2500.00)...

40. Plaintiff prays for exemplary relief from defendant John Doe for the violation of Intentional infliction of emotional distress in the amount of seventy-five hundred dollars and no cents ($7,500.00)...

41. Plaintiff prays for compensatory relief from defendant Jane Doe for the violation of Intentional infliction of emotional distress in the amount of twenty five hundred dollars and no cents ($2500.00)...

42. Plaintiff prays for exemplary relief from defendant John Doe for the violation of Intentional infliction of emotional distress in the amount of seventy-five hundred dollars and no cents ($7,500.00)...

## COUNT VII

**A.**

On March 22, 2017 Captain of Security Jane Salazar ordered security officer Jacob Richardson and another Security office to bang loudly on plaintiff's cell door to harass, intimidate, torture, instill fear, and to keep plaintiff awake.

The next morning at breakfast Arnulfo Hernandez Jr. told plaintiff to submit to his directives or he would not feed the plaintiff (directive was to knell and crawl to the metal trap door to get his food) Plaintiff through water on Mr. Hernandez after he got his tray (that plaintiff crawled to).

This resulted in a security call to Captain Salazar and others. Captain Salazar, officer Richardson and Joan and Jane Does. Captain Salazar then ordered Security Officer Richardson to sneak around without warning and kick the metal trap closed.

Richardson did unwantonly kicked the metal trap several times with plaintiff's hand caught inside (seized) inside the trap.

This unreasonable assault did cause server pain, swelling, bleeding, with a scarring effect. Plaintiff pleaded to Captain Salazar and the John and Jane Does for help, protection, and to report the assault to the police. This was met with a unanimous refusal. Later that day Detective (unknown first name) Rodriguez came to T.C.C.C. to register sex offenders. Plaintiff showed Detective Rodriguez his bruised, swollen and bleeding left hand telling him of the assault. Detective Rodriguez sneered at plaintiff informing him is was his belief that it is not a crime for C.C.R.S. employees to assault the plaintiff. Besides the severe pain, bleeding, swelling and scaring of the plaintiff's left hand, this intentional Infliction caused emotional distress by causing the mental and emotional suffering with extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, headaches, the sickening of the physical constitution and melancholy destroying the sprit. All named defendants failed to provide ordinary care a reasonable professional would provide.

This is the reflective of the practice and culture of the City of Littlefield Police Department... well established practice and culture refusing to protect and enforce the laws against C.C.R.S.

1. Security Officer Jacob Richardson and Captain Jane Salazar did violate Plaintiff's Fourth Amendment right by unreasonable seizing his hand with metal trap door.
2. Security Officer Jacob Richardson and Captain Jane Salazar did violate plaintiff's Fourteenth Amendment Rights to be free from the corporal insult.
3. Security Officer Jacob Richardson and Captain Jane Salazar did violate plaintiff's Fourteenth Amendment Substantive Rights as Captain Salazar's orders and officer Richardson actions of assault and excessive force shocked the conscience.
4. Security Officer Jacob Richardson, Captain Jane Salazar and John Doe and Jane Doe did violate plaintiff's Fourteenth Amendment Rights to safe conditions, protection, and ordinary care.
5. Detective Rodriguez and the City of Littlefield Police Department... by it practice and customs did violate plaintiff's Fourteenth Amendment Rights of privileges and protection of the laws in the State of Texas, Fundamental rights of citizenship to the protection of it's laws by refusing to press or

investigate criminal charges against Officer Jacob Richardson for his assaultive (criminal) conduct.

6. Detective Rodriguez and the City of Littlefield Police Department...by its's practice and customs did violate plaintiff's Fourteenth Amendment Rights to equal protection of the laws as defined in the instance case he is similarly situated with citizens of Texas, citizens of the United States, or Foreigners within the state of Texas to the statutes that offer protection by inflicting consequences or retribution and deterrence protect those who are victimized by another.

7. Detective Rodriguez did violate the Common Law Tor of Negligence Per Se as he was negligent in his civic duty and oath to protect by failing the enforcement of Texas Penal Code Art. 22.01 or 22.02 statutes under the law of Texas, in which was designed to protect plaintiff as a citizen of the State of Texas and the United States.

8. Officer Jacob Richardson and Captain Jane Salazar did violate the Common Law of Tort of intentional Infliction of emotional distress causing the mental and emotional suffering with extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, headaches, the sickening of the physical constitution and melancholy destroying the sprit.

9. Officer Jacob Richardson, Captain Jane Salazar, John Doe and Jane Doe did violate the Common Law Tort of negligence as these named actors failed to exercise a degree of care, skill, and competence that a reasonably competent professional would exercise under similar circumstance.

10. Jacob Richardson and Jane Salazar did violate the Common Law Tor of assault causing bodily injury or aiding and abetting the assault....

The assault caused eminence pain and emotional distress caused the mental and emotional suffering with extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, headaches, the sickening of the physical constitution and melancholy destroying the sprit. All named defendants failed to provide ordinary care a reasonable professional would provide in a similar situation

## PRAYER FOR RELIEF

B.

1.  Plaintiff prays for compensatory relief from defendant Jacob Richardson in his violation of Plaintiff's Fourth Amendment Rights, in the amount of fifty thousand dollars and no cents. ($50,000.00).
2.  Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Jacob Richardson in his violation of plaintiff's Fourth Amendment Right in the amount of one hundred fifty thousand dollars and no cents ($150.000.00).
3.  Plaintiff prays for compensatory relief from defendant Jacob Richardson in his violation of plaintiff's Fourteenth Amendment Rights in the amount one hundred fifty thousand dollars and no cents ($150,000.00).
4.  Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Jacob Richardson in his violation of plaintiff's Fourteenth Amendment Rights in the amount of four hundred fifty thousand dollars and no cents (450,000.00).
5.  Plaintiff seeks compensatory relief from defendant Jacob Richardson violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of one hundred thousand dollars and no cents ($100,000.00).
6.  Plaintiff seeks exemplary relief from defendant Jacob Richardson violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of three hundred thousand dollars and no cents ($300,000.00).
7.  Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Jacob Richardson violated of Common Law Tort of Negligence... in the amount of one hundred thousand dollars and no cents ($100,000.00).
8.  Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Jacob Richardson violated of Common Law Tort of Negligence... in the amount of three hundred thousand dollars and no cents ($300,000.00).
9.  Plaintiff prays for compensatory relief against Jacob Richardson violating Common Law Tory of assault causing bodily injury in the amount of one hundred and fifty thousand dollars and no cents, ($150,000.00)...

10. Plaintiff prays for exemplary relief against Jacob Richardson violating Common Law Tory of assault causing bodily injury in the amount of four hundred and fifty thousand dollars and no cents, ($750,000.00) ...

11. Plaintiff prays for compensatory relief from defendant Jane Salazar in her violation of Plaintiff's Fourth Amendment Rights, in the amount of fifty thousand dollars and no cents. ($50,000.00).

12. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Jane Salazar in her violation of plaintiff's Fourth Amendment Right in the amount of one hundred fifty thousand dollars and no cents ($150,000.00).

13. Plaintiff prays for compensatory relief from defendant Jane Salazar in her violation of plaintiff's Fourteenth Amendment Rights in the amount one hundred fifty thousand dollars and no cents ($150,000.00).

14. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Jane Salazar in her violation of plaintiff's Fourteenth Amendment Rights in the amount of four hundred fifty thousand dollars and no cents (450,000.00).

15. Plaintiff seeks compensatory relief from defendant Jane Salazar in her violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of one hundred thousand dollars and no cents ($100,000.00).

16. Plaintiff seeks exemplary relief from defendant Jane Salazar in her violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of three hundred thousand dollars and no cents ($300,000.00).

17. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Jane Salazar in her violated of Common Law Tort of Negligence in the amount of one hundred thousand dollars and no cents ($100,000.00).

18. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Jane Salazar in her violated of Common Law Tort of Negligence... in the amount of three hundred thousand dollars and no cents ($300,000.00).

19. Plaintiff prays for compensatory relief against Jane Salazar violating Common Law Tory of assault causing bodily injury in the amount of one hundred and fifty thousand dollars and no cents, ($150,000.00)...

20. Plaintiff prays for exemplary relief against Jacob Richardson violating Common Law Tory of assault causing bodily injury in the amount of four hundred and fifty thousand dollars and no cents, ($450,000.00)...

21. Plaintiff prays for compensatory relief from defendant John Doe in his violation of plaintiff's Fourteenth Amendment Rights in the amount twenty-five hundred dollars and no cents ($2500.00).

22. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant John doe in his violation of plaintiff's Fourteenth Amendment Rights in the amount of seventy-five hundred dollars and no cents (7,500.00).

23. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant John Doe violated of Common Law Tort of Negligence...in the amount of twenty-five hundred dollars and no cents ($2,500.00).

24. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant John Doe violated of Common Law Tort of Negligence... in the amount of seventy-five hundred dollars and no cents ($7,500.00).

25. Plaintiff prays for compensatory relief from defendant Jane Doe in his violation of plaintiff's Fourteenth Amendment Rights in the amount twenty-five hundred dollars and no cents ($2500.00).

26. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Jane doe in his violation of plaintiff's Fourteenth Amendment Rights in the amount of seventy-five hundred dollars and no cents (7,500.00).

27. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Jane Doe violated of Common Law Tort of Negligence... in the amount of twenty-five hundred dollars and no cents ($2,500.00).

28. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Jane Doe violated of Common Law Tort of Negligence... in the amount of seventy- five hundred dollars and no cents ($7,500.00).

29. Plaintiff prays for compensatory relief from defendant Detective Rodriguez in his violation of plaintiff's Fourteenth Amendment Rights in the amount two hundred thousand dollars and no cents ($200.000.00).

30. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Detective Rodriguez in his violation of plaintiff's

Fourteenth Amendment Rights in the amount of seventy hundred fifty thousand dollars and no cents (750,000.00)

31. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Detective Rodriguez violated of Common Law Tort of Negligence... in the amount of one hundred thousand dollars and no cents ($100,000.00).

32. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Detective Rodriguez violated of Common Law Tort of Negligence... in the amount of three hundred thousand dollars and no cents ($300,000.00).

33. Plaintiff prays for compensatory relief from defendant City of Littlefield Police Department... in their violation of plaintiff's Fourteenth Amendment Rights in the amount two hundred fifty thousand dollars and no cents ($250.000.00).

34. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant City of Littlefield Police Department... in their violation of plaintiff's Fourteenth Amendment Rights in the amount of seventy hundred fifty thousand dollars and no cents (750,000.00)

35. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant City of Littlefield Police Department violated of Common Law Tort of Negligence... in the amount of one hundred thousand dollars and no cents ($100,000.00).

36. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant City of Littlefield Police Department... violated of Common Law Tort of Negligence  in the amount of three hundred thousand dollars and no cents ($300,000.00).

## COUNT VIII

A.

On April 13, 2017 after weeks of harassing the City of Littlefield Police Department... by plaintiff family, Albert Garcia Littlefield Chief of Police asked plaintiff to write an affidavit of facts of fact. Plaintiff wrote an affidavit of facts of a general outline the assault against him, theft, the conspiracy to do so and official oppression. No investigation or arrest have been made in the various assaults and other crimes committed against the plaintiff. This is

the City of Littlefield practice and custom of refusing to protect and enforce the laws against C.C.R.S.

1. Albert Garcia and The City of Littlefield by it's practice and custom did violate plaintiff's Fourteenth Amendment right of privileges and protection of the law in the State of Texas, Fundamental rights of citizenship to the protection of it's laws by refusing to press or investigate criminal charges against all named actors on plaintiff's affidavit of conduct, and liberty interest of the Texas Penal Code 22.01,22.02,33.01,38.171,39.03 and 71.02(a) (1) plaintiff subject matter of the affidavit...

2. Albert Garcia and The City of Littlefield by it's practice or custom did violate plaintiff's Fourteenth Amendment Right to equal protection of the law as defined in the instance case his is similarly situated with citizens of Texas, citizens of the United States, or Foreigners within the State of Texas, of retribution and deterrence against violators of Texas Penal Code 22.01, 22.02,33.01,38.171,39.03 and 71.02 (a)(1) to protect those... who are victimized by another.

3. Albert Garcia did violate the Common Law Tort of negligence Per Se as these named actors failed to exercise a degree of care, skill, and competence that a reasonably competent professional would exercise under similar circumstance.

## PRAYER FOR RELIEF

B.

1. Plaintiff prays for compensatory relief from defendant Police Chief Albert Garcia in his violation of plaintiff's Fourteenth Amendment Rights in the amount five hundred thousand dollars and no cents ($500,000.00).

2. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Police Chief Albert Garcia in his violation of plaintiff's Fourteenth Amendment Rights in the amount fo one million five hundred thousand dollars and no cents (1,500,000.00)

3. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Police Chief Albert Garcia violated of Common Law Tort of Negligence Per Se in the amount of five hundred thousand dollars and no cents ($500,000.00).

4. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Police Chief Albert Garcia violated of Common Law Tort of Negligence Per Se in the amount of one million dollars five hundred thousand dollars and no cents ($1,500,000.00).

5. Plaintiff prays for compensatory relief from defendant The City of Littlefield Police Department... their violation of plaintiff's Fourteenth Amendment Rights in the amount one million dollars and no cents ($1,000,000.00).

6. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant The City of Littlefield Police Department...  their violation of plaintiff's Fourteenth Amendment Rights in the amount of Three million dollars and no cents (3,000,000.00).

## COUNT IX

A.

On August 14, 2017 C.C.R.S. security Mosely and Robbie Spencer acted as chaperons to a scheduled doctor's visit at UMC urologist doctor (unknown first name) Russal. The purpose of the visit was to conduct an intrusive medical examination of inserting a camera into the urinary track through the penis.

Before the exam took place, plaintiff question the need of security Spencer and Mosely looked directly upon the exam. Plaintiff requested to both security officers and to the doctor for security to advert their gaze as the intrusive exam took place, not to leave but to only advert his gaze temporarily.

Plaintiff appealed to the doctor's sense of dignity asking for security not to leave but to avert his gaze temporarily. The doctor

informed the plaintiff of his policy and gave an ultimatum, conduct the exam, or leave. Given no real choice plaintiff accepted due to the need of the exam.

After the highly intrusive and now humiliating examination and after all medical staff except one nurse had departed. Plaintiff then informed officer Spencer of the violation of his rights and his intentions to bring legal action. The nurse then chastised plaintiff claiming she did not want to hear it. I informed the nurse politely of my right to speak on this issue.

Later Spencer retaliated by falsifying an incident report claiming plaintiff was unruly with disorderly conduct, being argumentative and disrespectful to medical staff, this false report was utilized in a government investigation, In Re Commitment of Lonnie Welsh out of Montgomery County 435th Judicial District Court, to help commit plaintiff through his biennial review to two more years of civil commitment....

All named defendants... did cause emotional distress by causing the mental and emotional suffering with extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, headaches, the sickening of the physical constitution and melancholy destroying the sprit. All named defendants failed to provide ordinary care a reasonable profession would provide.

1. Robbie Spencer did violate plaintiff's Fourth Amendment Right by the unreasonable search of plaintiff's private genital area.
2. Robbie Spencer did violate plaintiff's Fourteenth Amendment Right to ordinary care, decency and privacy.
3. Robbie Spencer did violate plaintiff United States Continuation First and Fourteenth amendment right freedom from retaliation by filing an incident report for plaintiff utilizing his speech preventing and / or discouraging the intention to file a civil suit.
4. Robbie Spencer did violate plaintiff's First Amendment Rights by his attempt to place a chilling effect of plaintiff's speech and access to the court.

51

5. Robbie Spencer and Doctor (unknown first name) Russal did violate the Common Law of Intentional infliction of emotional distress by causing the mental and emotional suffering with extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, headaches, the sickening of the physical constitution and melancholy destroying the sprit.

6. Robbie Spencer and Doctor Russal did violate the Common Law Tort of negligence as these named actors failed to exercise a degree of care, skill, and competence that a reasonably competent professional would exercise under similar circumstance.

## PRAYER FO RELIEF

B.

1. Plaintiff prays for compensatory relief from defendant Robbie Spencer in his violation of Plaintiff's Fourth Amendment Rights, in the amount of two hundred fifty thousand dollars and no cents. ($250,000.00).

2. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Robbie Spencer in his violation of plaintiff's Fourth Amendment Right in the amount of seven hundred fifty thousand dollars and no cents ($750,000.00).

3. Plaintiff prays for compensatory relief from defendant Robbie Spencer in his violation of plaintiff's Fourteenth Amendment Rights in the amount two hundred fifty thousand dollars and no cents ($250,000.00).

4. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Robbie Spencer in his violation of plaintiff's Fourteenth Amendment Rights in the amount of four hundred fifty thousand dollars and no cents (750,000.00).

5. Plaintiff prays for compensatory relief from defendant Robbie Spencer in his violation of Plaintiff's First Amendment Rights, in the amount of two hundred fifty thousand dollars and no cents. ($250,000.00).

6. 24. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Robbie Spencer in his violation of plaintiff's First

Amendment Right in the amount of seven hundred fifty thousand dollars and no cents ($750,000.00).

7. Plaintiff seeks compensatory relief from defendant Robbie Spencer violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of two hundred fifty thousand dollars and no cents ($250,000.00).

8. Plaintiff seeks exemplary relief from defendant Robbie Spencer violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of seven hundred fifty thousand dollars and no cents ($750,000.00).

9. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Robbie Spencer violated of Common Law Tort of Negligence Per Se in the amount of two hundred fifty thousand dollars and no cents ($250,000.00).

10. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Robbie Spencer violated of Common Law Tort of Negligence Per Se in the amount of seven hundred fifty thousand dollars and no cents ($750,00.00).

11. Plaintiff seeks compensatory relief from defendant Dr. Russal violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of one million dollars and no cents ($1,000,000.00).

12 Plaintiff seeks exemplary relief from defendant Dr. Russal violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of three million dollars and no cents ($3,000.000.00).

13. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Dr. Russal violated of Common Law Tort of Negligence... in the amount of one million dollars and no cents ($1,000,000.00).

14. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Dr Russal violated of Common Law Tort of Negligence... in the amount of three million dollars and no cents ($3,000.000.00).

## COUNT X

A.

On November 13, 2017 plaintiff had an appointment with Dr. Russal, security officer Mosely and Spencer provided chaperone. Plaintiff did inform officer Spencer he planned to sue him over is dignity and privacy, from his actions on August 13, 2017 see count IX.

Spencer started to make verbal threats. Plaintiff replied in which officer Spencer ordered officer Mosely to turn around, stating that the plaintiff lost his right to medical for his intention to sue.

Once the plaintiff arrived at the T.C.C.C. Margarito Gonzales met plaintiff at the van, Gonzales the unwontley shoved plaintiff in the back and told him to hurry.

Plaintiff reached SMU where his housing assignment cell and kept there before he entered... the housing unit. Plaintiff did refuse to move in protest of his medical rights and officer Spencer falsified reports In Re Commitment of Lonnie Kade Welsh.

Security Director Chris Woods ordered plaintiff to move or force will be used. Plaintiff stood up and started to go into the SMU Director Woods made an overt threat to plaintiff that he will not like what is about to happen. Plaintiff sat back down exercising his right to protest and maintaining camera surveillance for his safety.... Director Woods did at that moment order the attack on the plaintiff in retaliation for plaintiff exercising those rights. Plaintiff stiffen himself, officers then took plaintiff to the ground and used a technique obviously orchestrated yelling for the plaintiff to quit resisting, as Dustin Tijerina and Kevin Tedder applied painful arm bars as plaintiff laid prone and helpless.

Plaintiff was shackled and picked up by his arms and legs then taken to intake A-135. As security removed the shackles plaintiff feared they would use the handcuff to attack plaintiff who moved his hands.

This move provoked C.C.R.S. Security Arnulfo Hernandez the attempt to break plaintiff's arm, by twisting the plaintiff's arm straight forcing it up at odd angles. Leslie Dinwiddie took plaintiff's head and repeatedly slammed his head and face into the concrete floor. Swelling and bruising plaintiff's head and eye.

After more phony catcalls of quit resting Director Woods told his security officers to stop.

The assault caused eminence pain and emotional distress. The mental and emotional suffering caused extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, headaches the sickening of the physical constitution of melancholy destroying the spirt. All named defendant's failed to provide ordinary care a reasonable professional would provide in a similar situation...

1. Officer Dustin Tijerina, Leslie Dinwiddie, Arnulfo Hernandez Kevin Tedder, Chris Woods, and Margarito Gonzales did violate plaintiff's Fourth Amendment Right to the freedom of unreasonable restraint.
2. Officer Dustin Tijerina, Leslie Dinwiddie, Arnulfo Hernandez Jr., Kevin Tedder, Chris Woods, and Margarito Gonzales did violate plaintiff's Fourteenth Amendment Right to be free from the corporal insult to ordinary care, and not to be punished by force.
3. Officer Leslie Dinwiddie did violate plaintiff's substantive Fourteenth Amendment right by his action of assault that did shock the conscience.
4. Director Chris Woods did violate plaintiff's First and Fourteenth Right to protest his condition of confinement.
5. Officer Terjerina, Leslie Dinwiddie, Arnulfo Hernandez Jr..., Kevin Tedder, Chris Wood, and Margarito Gonzales did violate plaintiff's Fourteenth Amendment due process right in his liberty interest created by The State of Texas and C.C.R.S. contract allowing only the use of force in protection of the resident, protection of others, protection of property, never to be used to punish and by least restrictive means to use of force. Defendants did violate plaintiff liberty interest of the Behavior Management Techniques used by Texas Department of State Health Services in State facilities of the Join Commission Standards on Accreditation of Health Care Organization,

American Psychiatric Association behavior management, and PAMB by the professional judgement to use force under these organizations. …

6. Officer Terjerina, Leslie Dinwiddie, Arnulfo Hernandez Jr. Chris Woods, Kevin Tedder, and Margarito Gonzales… the Common Law of Tort of intentional Infliction of emotional distress causing the mental and emotional suffering with extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, headaches, the sickening of the physical constitution and melancholy destroying the sprit.

7. Officer Terjerina, Leslie Dinwiddie, Arnulfo Hernandez the Common Law of Tort of negligence as these named actors failed to exercise a degree of care, skill, and competence that a reasonably competent professional would exercise under similar circumstance.

8. Dustin Terjerina, Leslie Demwiddie, Arnfulfo Hernandez Jr., Kevin Tedder, Chris Woods and Margarito Gonzales dis violate the Common Law tort of Assault with bodily injury and/ or impermissible and unwanted touching as these actors committed the assault or aided and abetted the causation of the assault….

## PRAYER FOR RELIEF

B.

1. Plaintiff prays for compensatory relief from defendant Director Chris Woods in his violation of Plaintiff's Fourth Amendment Rights, in the amount of two five hundred thousand dollars and no cents. ($500,000.00).

2. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Director Chris Woods in his violation of plaintiff's Fourth Amendment Right in the amount of one million five hundred thousand dollars and no cents ($1,500,000.00)

3. Plaintiff prays for compensatory relief from defendant Director Chris Woods in his violation of plaintiff's Fourteenth Amendment Rights in the amount five hundred thousand dollars and no cents ($500,000.00).

4. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Director Chris Woods in his violation of plaintiff's Fourteenth Amendment Rights in the amount of one million five hundred thousand dollars and no cents (1,500,000.00).

5. Plaintiff prays for compensatory relief from defendant Director Chris Woods in his violation of Plaintiff's First Amendment Rights, in the amount of two five hundred thousand dollars and no cents. ($500,000.00)....

6. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Director Chris Woods in his violation of plaintiff's First Amendment Right in the amount of one million five hundred thousand dollars and no cents ($1,500,000.00)

7. Plaintiff seeks compensatory relief from defendant Chris Woods violated Common Law Tort of I Intentional Infliction of Emotional Distress in the amount of one million dollars and no cents ($1,000,000.00).

8. Plaintiff seeks exemplary relief from defendant Chris Woods violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of three million dollars and no cents ($3,000.000.00).

9. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Chris Woods violated of Common Law Tort of Negligence... in the amount of five million dollars and no cents ($5,000,000,.00).

10. 14. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Chris Woods violated of Common Law Tort of Negligence in the amount of fifteen million dollars and no cents ($15,000,000.00).

11. Plaintiff prays for compensatory relief from Chris Woods for violation the Common Law of Tort of Assault Aiding and abetting in the amount of Five hundred thousand dollars and no cents. ($500,000.00)

12. Plaintiff prays for exemplary relief from Chris Woods for violation the Common Law of Tort of Assault Aiding and abetting in the amount of one million Five hundred thousand dollars and no cents. ($1, 500,000.00)

13. Plaintiff prays for compensatory relief from defendant Dustin Tijerina his violation of Plaintiff's Fourth Amendment Rights, in the amount of fifty thousand dollars and no cents. ($50,000.00).

14. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Dustin Tijerina in his violation of plaintiff's

Fourth Amendment Right in the amount of one hundred fifty thousand dollars and no cents ($150,000.00)

15. Plaintiff prays for compensatory relief from defendant Dustin Tijerina in his violation of plaintiff's Fourteenth Amendment Rights in the amount fifth hundred thousand dollars and no cents ($50,000.00).

16. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Dustin Tijerina in his violation of plaintiff's Fourteenth Amendment Rights in the amount of one hundred fifty thousand dollars and no cents (150,000.00).

17. Plaintiff seeks compensatory relief from defendant Dustin Tijerina violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of fifty thousand dollars and no cents ($50,000,00).

18. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from Dustin Tijerina violated the Common Law Tort of Intentional infliction of emotional distress in the amount of one hundred fifty thousand dollars and no cents ($150,000.00).

19. Plaintiff prays for compensatory relief from defendant Dustin Tijerina violated of Common Law Tort of Negligence... in the amount of fifty thousand dollars and no cents ($50,000.00).

20. Plaintiff prays for exemplary relief for from Dustin Tijerina violated of Common Law Tort of Negligence... in the amount of one hundred fifty dollars and no cents ($150,000.00).

21. Plaintiff prays for compensatory relief from defendant Dustin Tijerina in his violation of Common Law Tort of Assault with body injury and impermissible and unwanted contact in the amount of fifty thousand dollars and no cents ($50,000.00)

22. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Dustin Tijerina in his violation of Common Law Tort of Assault with body injury and impermissible and unwanted contact in the amount of one hundred fifty thousand dollars and no cents ($150,000.00)

23. Plaintiff prays for compensatory relief from defendant Kevin Tedder his violation of Plaintiff's Fourth Amendment Rights, in the amount of fifty thousand dollars and no cents. ($50,000.00).

24. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Kevin Tedder in his violation of plaintiff's Fourth Amendment Right in the amount of one hundred fifty thousand dollars and no cents ($150,000.00)

25. Plaintiff prays for compensatory relief from defendant Kevin Tedder in his violation of plaintiff's Fourteenth Amendment Rights in the amount fifth hundred thousand dollars and no cents ($50,000.00).

26. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Kevin Tedder in his violation of plaintiff's Fourteenth Amendment Rights in the amount of one hundred fifty thousand dollars and no cents (150,000.00).

27. Plaintiff seeks compensatory relief from defendant Kevin Tedder violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of fifty thousand dollars and no cents ($50,000,00).

28. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from Kevin Tedder violated the Common Law Tort of Intentional infliction of emotional distress in the amount of one hundred fifty thousand dollars and no cents ($150,000.00).

29. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Kevin Tedder violated of Common Law Tort of Negligence in the amount of fifty thousand dollars and no cents ($50,000.00).

30. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from Kevin Tedder violated of Common Law Tort of Negligence in the amount of one hundred fifty dollars and no cents ($150,000.00).

31. Plaintiff prays for compensatory relief from defendant Kevin Tedder violated Common Law Tort of Assault with body injury and impermissible and unwanted contact in the amount of fifty thousand dollars and no cents ($50,000.00)

32. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Kevin Tedder violated Common Law Tort of Assault with body injury and impermissible and unwanted contact in the amount of one hundred fifty thousand dollars and no cents ($150,000.00)

33. Plaintiff prays for compensatory relief from defendant Margarito Gonzales and her violation of Plaintiff's Fourth Amendment Rights, in the amount of fifty thousand dollars and no cents. ($50,000.00).

34. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Margarito Gonzales and her violation of plaintiff's Fourth Amendment Right in the amount of one hundred fifty thousand dollars and no cents ($150,000.00)

35. Plaintiff prays for compensatory relief from defendant Margarito Gonzales and her violation of plaintiff's Fourteenth Amendment Rights in the amount fifth hundred thousand dollars and no cents ($50,000.00).

36. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Margarito Gonzales and her violation of plaintiff's Fourteenth Amendment Rights in the amount of one hundred fifty thousand dollars and no cents (150,000.00).

37. Plaintiff seeks compensatory relief from defendant Margarito Gonzales violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of fifty thousand dollars and no cents ($50,000,00).

38. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from Margarito Gonzales violated the Common Law Tort of Intentional infliction of emotional distress in the amount of one hundred fifty thousand dollars and no cents ($150,000.00).

39. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Margarito Gonzales violated of Common Law Tort of Negligence... in the amount of fifty thousand dollars and no cents ($50,000.00).

40 Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from Margarito Gonzales violated of Common Law Tort of Negligence in the amount of one hundred fifty dollars and no cents ($150,000.00).

41. Plaintiff prays for compensatory relief from defendant Margarito Gonzales violated of Common Law Tort of Assault with body injury and impermissible and unwanted contact in the amount of fifty thousand dollars and no cents ($50,000.00)

42. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Margarito Gonzales violated of Common Law Tort of Assault with body injury and impermissible and unwanted contact in the amount of one hundred fifty thousand dollars and no cents ($150,000.00)

43. Plaintiff prays for compensatory relief from defendant Arnulfo Hernandez his violation of Plaintiff's Fourth Amendment Rights, in the amount of fifty thousand dollars and no cents. ($50,000.00).

44. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Arnulfo Hernandez in his violation of plaintiff's Fourth Amendment Right in the amount of one hundred fifty thousand dollars and no cents ($150,000.00)

45. Plaintiff prays for compensatory relief from defendant Arnulfo Hernandez in his violation of plaintiff's Fourteenth Amendment Rights in the amount one hundred fifty thousand dollars and no cents ($150,000.00)....

46. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Arnulfo Hernandez in his violation of plaintiff's Fourteenth Amendment Rights in the amount of four hundred fifty thousand dollars and no cents (450,000.00)....

47. Plaintiff seeks compensatory relief from defendant Arnulfo Hernandez violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of fifty thousand dollars and no cents ($50,000,00).

48. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from Arnulfo Hernandez violated the Common Law Tort of Intentional infliction of emotional distress in the amount of one hundred fifty thousand dollars and no cents ($150,000.00).

48 Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Arnulfo Hernandez violated of Common Law Tort of Negligence in the amount of fifty thousand dollars and no cents ($50,000.00).

49. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from Arnulfo Hernandez violated of Common Law Tort of Negligence in the amount of one hundred fifty dollars and no cents ($150,000.00).

50. Plaintiff prays for compensatory relief from defendant Arnulfo Hernandez violated Common Law Tort of Assault with body injury and impermissible and unwanted contact in the amount of one hundred fifty thousand dollars and no cents ($150,000.00)....

51. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Arnulfo Hernandez violated Common Law Tort of Assault with body injury and impermissible and unwanted contact in the amount of four hundred fifty thousand dollars and no cents ($450,000.00)...

52. Plaintiff prays for compensatory relief from defendant Leslie Denwiddie his violation of Plaintiff's Fourth Amendment Rights, in the amount of fifty thousand dollars and no cents. ($50,000.00).

53. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Leslie Denwiddie in his violation of plaintiff's Fourth Amendment Right in the amount of one hundred fifty thousand dollars and no cents ($150,000.00)

54. Plaintiff prays for compensatory relief from defendant Leslie Denwiddie in his violation of plaintiff's Fourteenth Amendment Rights in the amount 0ne hundred fifty thousand dollars and no cents ($150,000.00).

55. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Leslie Denwiddie in his violation of plaintiff's Fourteenth Amendment Rights in the amount of four hundred fifty thousand dollars and no cents (450,000.00).

56. Plaintiff seeks compensatory relief from defendant Leslie Denwiddie violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of fifty thousand dollars and no cents ($50,000,00).

57. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from Leslie Denwiddie violated the Common Law Tort of Intentional infliction of emotional distress in the amount of one hundred fifty thousand dollars and no cents ($150,000.00).

58 Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Leslie Denwiddie violated of Common Law Tort of Negligence in the amount of fifty thousand dollars and no cents ($50,000.00).

59. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from Leslie Denwiddie violated of Common Law Tort of Negligence in the amount of one hundred fifty dollars and no cents ($150,000.00).

60. Plaintiff prays for compensatory relief from defendant Leslie Denwiddie violated Common Law Tort of Assault with body injury and impermissible and unwanted contact in the amount of one hundred fifty thousand dollars and no cents ($150,000.00)

61.Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Leslie Denwiddie violated Common Law Tort of Assault with body injury and impermissible and unwanted contact in the amount of four hundred fifty thousand dollars and no cents ($450,000.00)

## COUNT XI

A.

On November 13, 2017 after the assault Littlefield Police Chief Ross Hester ...investigated the assault. Hester charged plaintiff with fabricating physical evidence by assaulting his own face, and making a false report to a Peace Officer.

Chris Woods and Correct Care Solutions recruited Chief Ross Hester... who ignored the assault conduct committed by C.C.R.S. employees on November 13, 2017. Instead Chief Ross Hester... conspired with Chris Woods to press false charges against the plaintiff for fabricating evidence. These charges were unreasonable and unfounded allegations to cover-up the assault. ...

Woods then forced plaintiff into punitive isolation without due process hearing and without hygiene,... stationary, legal work, bible or any clothes. Defendant Woods refused a spoon or a cup to eat with the plaintiff who had to eat with his hands sometime could not remove all fecal matter from his hands for lack of any hygiene or sanitation. This confinement lasted from November 13 through November 28, 2017. This only served the purpose to punish plaintiff and or in retaliation... for the use of his First Amendment.

Plaintiff was unreasonably seized from November 13th to November27th 2017 for the City of Littlefield Police Department with the consent of Lamb County Attorney's office and the Lamb County 154th District  Attorney's Office to be Kept by C.C.R.S. by all for practice and custom to deny the plaintiff his right to be magistrate within forth-eight hours.

The assault caused eminence pain and emotional distress caused the mental and emotional suffering with extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, headaches, the sickening of the physical constitution and melancholy destroying the sprit. All named defendants failed to provide ordinary care a reasonable professional would provide in a similar situation.

its custom for the City of Littlefield Police Department... and Lamb County Attorney office by its practice and custom. The 154th District Attorney Office, The City of Littlefield and Lamb County Attorney, The 154th District Attorney Office practice and custom, denial of his right to be magistrate within forty-eight hours. On January 22, 2016 I was unreasonably seized and placed into punitive isolation until February 10, 2016. This was done by C.C.R.S. policy of Behavior Management and in collaboration with the City of Littlefield Police Department ...through it's agent Leon Ponce and the Lamb County Attorney's office, through it's agent Rickie Redman by practice and custom of the City of Littlefield Police Department... and the Lamb County Attorney's Office, The 154th District Attorney Office. This warrantless arrest was based on accusation of assault, by plaintiff against C.C.R.S, through the events described as facts in Count I-A.

1. Defendant Chief Ross Hester..., C.C.R.S., City of Littlefield Police Department,... and Lamb County Attorney's office, The 154th District Attorney Office and Chris Woods by their practice and custom did violate plaintiff's United State Fourth Amendment Right of unreasonable seizure without a warrant failing to provide a magistrate within 48 hours under Texas Code of Criminal Procedure Art. 14.06 and constitutional fiat.

2. City of Littlefield, Police Department,... Lamb County Attorney Office, The 154th District Attorney Office, by their practice and custom, Chief Ross Hester... did violate plaintiff's Fourth and Fourteenth right of unreasonable seizure ignoring plaintiff being a victim of assault and the lies of fabricating evidence and false report.

3. C.C.R.S., City of Littlefield Police Department, ...Lamb County Attorney, The 154th District Attorney Office by practice and culture did violate plaintiff's Fourth and Fourteenth Amendment Right to due process of liberty and unreasonable seizure in the undisputable fact plaintiff is adjudicated civil detainee, who is civilly committed under Texas Health & Safety Code 841. Found not to possess volitional control or the Mens Rea to be criminally culpable.

4. Christopher Woods did violate plaintiff's Fourth Amendment to unreasonable seizure of his person.

5. Christopher Woods and C.C.R.S. policy, practice, or custom did violate plaintiff's Fourth and Fourteenth Amendment United State Constitutional amendment by unreasonably seizing and failing to provide ordinary care by refusing to give plaintiff his cloths, hygiene, stationary, legal work, bible and eating utensils.

6. Christopher Woods and C.C.R.S. by practice and custom and ability to associate through Did Violate plaintiff's Fourth Amendment Right by seizing plaintiff's hygiene, stationary, legal work and bible.

7. C.C.R.S. at Christopher Woods did violate plaintiff's First Amendment right by denying plaintiff the ability through his stationary and legal material.

8. Christopher Woods and C.C.R.S. by  practice and customs did violate plaintiff's United States Constitutional Right to liberty by confinement being the least restrictive confinement setting and the liberty interest promulgated by Texas Health & Safety Code. Sec. 571.004(3), 591.005 (1) and (2).

9. Christopher Woods and C.R.S. by practice and custom under the United States Fourteenth Amendment not to be punished and the liberty interest created by Texas Health and Saftefty Code 576.001 (a) and (b) (1), 574.004 (3), 591. 005 (1) and (2), 592. 011, 952.031 and 592.051 (4).

10. C.C.R.S. and Christopher Woods did violate Common Law of Intentional Infliction of Emotional Distress causing the mental and emotional suffering with extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, headaches, the sickening of the physical constitution and melancholy destroying the sprit.

11. Christopher Woods did violate the Common Law of Conversion by exercising domain over plaintiff legal mail, hygiene, cloths, eating utensils

diminishing the personal intrinsic value place upon his property and the reliance of that value.

12. Christopher Woods did violate plaintiff's First and fourteenth right to freedom of retaliation from the use of this right to protest.

13. Chris Woods and C.C.R.S. did violate by practice and custom the Common Law Tort of nuisance as the withheld Hygiene, clothes, and eating utensils with the sole purpose to annoy, frustrate and to cause noxious odor against the plaintiff

14. C.C.R.S. and Christopher Woods did violate the Common Law Tort of Negligence, as these named actors failed to exercise a degree of care, skill, and competence that a reasonably competent professional would exercise under similar circumstance.

15. Chief Ross Hester..., by City of Littlefield  Police Department and Lamb County Attorney Office, and The Lamb County 154th District Attorney Office through their practice and custom did violate plaintiff's Fourteenth Amendment Right of privileges of the protection of the laws of the State of Texas, Fundamental rights of citizenship to the protection of it's laws , and the liberty interest created by Texas Penal Code 22.01 and 22.02. These defendants did refuse to press or investigate criminal charges of assault or aggravated assault against all.

16. Chief Ross Hester, City of Littlefield Police Department... and Lamb County Attorney Office The 154th District Attorney Office, by their practice and custom did violate plaintiff's United States Constitutional Fourteenth Amendment Right to equal protection of the laws as defined in the instant case he is similarly situated with any Citizens of Texas Citizens of the United States of foreigner with it's borders of the State of Texas to the Statutes that offer it's protection by facilitating consequence of retribution and deterrence against violations of the Texas Penal Code to protect house who are victimized by another.

17. Chris Woods did violate the Common Law Tort of false imprisonment by erroneously confinement without legal authority.

The assault caused eminence pain and emotional distress caused the mental and emotional suffering with extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, headaches, the sickening of the physical constitution and melancholy destroying the sprit. All named defendant's failed to provide ordinary care a reasonable professional would provide in a similar situation.

## PRAYER FOR RELIEF

B.

1. Plaintiff prays for compensatory relief from defendant Director Chris Woods in his violation of Plaintiff's First Amendment Rights, in the amount of two five hundred thousand dollars and no cents. ($500,000.00).
2. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Director Chris Woods in his violation of plaintiff's First Amendment Right in the amount of one million five hundred thousand dollars and no cents ($1,500,000.00)
3. Plaintiff prays for compensatory relief from defendant Director Chris Woods in his violation of Plaintiff's Fourth Amendment Rights, in the amount of two five hundred thousand dollars and no cents. ($500,000.00).
4. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Director Chris Woods in his violation of plaintiff's Fourth Amendment Right in the amount of one million five hundred thousand dollars and no cents ($1,500,000.00)
5. Plaintiff prays for compensatory relief from defendant Director Chris Woods in his violation of plaintiff's Fourteenth Amendment

Rights in the amount of one million dollars and no cents ($1,000,000,000.00).

6. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Director Chris Woods in his violation of plaintiff's Fourteenth Amendment Rights in the amount of three million dollars and no cents (3,000,000.00).

7. Plaintiff seeks compensatory relief from defendant Director Chris Woods in violation of Common Law Tort of False Imprisonment in the amount of five hundred thousand dollars and no cents ($500,000.00).


8. Plaintiff seeks exemplary relief from defendant Director Chris Woods in violation of Common Law Tort of False Imprisonment in the amount of one million five hundred thousand dollars and no cents ($1,500,000.00).

9. Plaintiff seeks compensatory relief from defendant Director Chris Woods in violation of the Common Law Tort Nuisance in the amount of five hundred thousand dollars and no cents ($500,000.00).

10. Plaintiff seeks exemplary relief from defendant Director Chris Woods in violation of the Common Law Tort Nuisance in the amount of one million five hundred thousand dollars and no cents ($1,500,000.00).

11. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Director Chris Woods violated of Common Law Tort of Negligence Per Se in the amount of one million five hundred thousand dollars and no cents ($500,000.00).

12. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from Director Chris Woods violated of Common Law Tort of Negligence Per Se in the amount one million five hundred thousand dollars and no cents ($1,500,000.00).

13. Plaintiff seeks compensatory relief from defendant Director Chris Woods violated Common Law Tort of Conversion in the amount of five thousand dollars and no cents ($500,000.00).

14. Plaintiff seeks exemplary relief from defendant Director Chris Woods violated Common Law Tort of Conversion in the amount of

one million five hundred thousand dollars and no cents ($1,500,000.00).

15. Plaintiff seeks compensatory relief from defendant Director Chris Woods violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of one million dollars and no cents ($1,000,000,00).

16. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from Director Chris Woods violated the Common Law Tort of Intentional infliction of emotional distress in the amount of three million dollars and no cents ($3,000,000.00).

17. Plaintiff prays for compensatory relief from defendant C.C.R.S in their violation of Plaintiff's Fourth Amendment Rights, in the amount of one million dollars no cents. ($1,000,000.00).

18.. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant C.C.R.S in their violation of plaintiff's Fourth Amendment Right in the amount of three million dollars and no cents ($3,000.000.00).

19. Plaintiff prays for compensatory relief from defendant C.C.R.S in their violation of Plaintiff's Fourteenth Amendment Rights, in the amount of one million dollars no cents. ($1,000,000.00).

20. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant C.C.R.S in their violation of plaintiff's Fourteenth Amendment Right in the amount of three million dollars and no cents ($3,000.000.00).

21. Plaintiff seeks compensatory relief from defendant C.C.R.S. Common Law Tort of Intentional Infliction of Emotional Distress in the amount of one million dollars and no cents ($1,000,000.00).

22. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from C.C.R.S violated the Common Law Tort of Intentional infliction of emotional distress in the amount of three million dollars and no cents ($3,000,000.00).

23. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant C.C.R. violated of Common Law Tort of Negligence in the amount of one million dollars and no cents ($1,000,000.00)

24. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant C.C.R. violated of Common

Law Tort of Negligence in the amount of one three dollars and no cents ($3,000,000.00)

25. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Lamb County Attorney Office in their violation of Plaintiff's Fourth Amendment Rights, in the amount of one million dollars no cents. ($1,000,000.00).

26.. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Lamb County Attorney in their violation of plaintiff's Fourth Amendment Right in the amount of three million dollars and no cents ($3,000.000.00).

27. Plaintiff prays for compensatory relief from defendant Lamb County Attorney in their violation of Plaintiff's Fourteenth Amendment Rights, in the amount of five million dollars no cents. ($5,000,000.00).

28. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Lamb County Attorney Office in their violation of Plaintiff's Fourth Amendment Rights, in the amount of one million dollars no cents. ($1,000,000.00).

29.. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant 154th District Attorney in their violation of plaintiff's Fourth Amendment Right in the amount of three million dollars and no cents ($3,000.000.00).

30. Plaintiff prays for compensatory relief from defendant 154th District Attorney in their violation of Plaintiff's Fourteenth Amendment Rights, in the amount of five million dollars no cents. ($5,000,000.00).

31. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant 154th District Attorney in their violation of plaintiff's Fourteenth Amendment Right in the amount of fifteen million dollars and no cents ($15,000.000.00).

32. Plaintiff prays for compensatory relief from defendant City of Littlefield, Police Department,... Littlefield Tx. in their violation of Plaintiff's Fourth Amendment Rights, in the amount of one million dollars no cents. ($1,000,000.00).

33.. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant City of Littlefield Police Department,... Littlefield TX.  in their violation of plaintiff's Fourth Amendment Right in the amount of three million dollars and no cents ($3,000.000.00).

34. Plaintiff prays for compensatory relief from defendant City of Littlefield Police Department,... Littlefield TX. in their violation of Plaintiff's Fourteenth Amendment Rights, in the amount of five million dollars no cents. ($5,000,000.00).

35. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant City of Littlefield Police Department,... TX. in their violation of plaintiff's Fourteenth Amendment Right in the amount of fifteen million dollars and no cents ($15,000.000.00).

36. Plaintiff prays for compensatory relief from defendant C.C.R.S in their violation of Plaintiff's Fourth Amendment Rights, in the amount of five hundred thousand dollars no cents. ($500,000.00).

37.. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Chief Ross Hester... in their violation of plaintiff's Fourth Amendment Right in the amount of one million five hundred thousand dollars and no cents ($1,500,000.00).

38. Plaintiff prays for compensatory relief from defendant Chief Ross Hester... in his violation of Plaintiff's Fourteenth Amendment Rights, in the amount of five hundred thousand dollars no cents. ($5,000,000.00).

39. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Chief Ross Hester... in his violation of plaintiff's Fourteenth Amendment Right in the amount of one million five hundred thousand dollars and no cents ($1,500.000.00).

40. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Chief Ross Hester... violated of Common Law Tort of Negligence Per Se in the amount of five hundred thousand dollars and no cents ($500,000.00)

41. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Chief Ross Hester...

violated of Common Law Tort of Negligence Per Se in the amount of one million five hundred thousand dollars and no cents ($1,500,000.00)

42. Chief Ross Hester... did violate the Common Law Tor of Negligence Per Se as he was negligent in his civic duty and oath to protect by failing the enforcement of Texas Penal Code Art. 22-01 or 22-02 statutes under the law of Texas, in which was designed to protect plaintiff as a citizen of the State of Texas and the United State

43. Director Chris Woods did violate the Common Law Tor of Negligence Per Se as he was negligent in his civic duty and oath to protect by failing the enforcement of Texas Penal Code Art. 22-01 or 22-02 statutes under the law of Texas, in which was designed to protect plaintiff as a citizen of the State of Texas and the United State. Director Chis Woods did violate the Common Law of Tort of intentional Infliction of emotional distress causing the mental and emotional suffering with extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, headaches, the sickening of the physical constitution and melancholy destroying the sprit.

## COUNT XII

A.

C.C.R.S. by policy and culture created by Director Chris woods has installed the assaultive and oppressive confinement culture. The disregard of their duty of protection and care C.C.R.S. has turned a blind eye to Director Woods failing to correct his actions and the repeated action of the staff under his direction.

C.C.R.S. acquiescence to the draconian and barbarous conditions at the T.C.C.C. is the catalysis of the causation of the injuries rendered upon the plaintiff.

72

The injuries mention is catalogued in the counts by the action of C.C.R.S. employees again cited below.

1. January 22, 2016- Assault
2. January 22-27 – Denial of hygiene
3. January 22-Feb. 10 draconian confinement, punishment and denial of property.
4. March 5-7 Denial of Hygiene
5. March 21 – Assault – Holding of legal mail
6. March 22 – Assault
7. Feb 3 – November 28 Draconian Confinement, punishment and denial of property
8. Nov. 13- Assault

9. Nov 13-28 – Draconian confinement, punishment and denial of hygiene and property. Failure to restrain employee's. These acts have treated plaintiff as an animal not a human. The direct and or causal connection to the culture and the employee's action is within the injuries suffered and the coveat of C.C.R.S., with Intentional Infliction of emotional distress by causing the mental and emotional suffering with extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, headaches, the sickening of the physical constitution and melancholy destroying the sprit.

   1. C.C.R.S. and Director Chris Woods did violate plaintiff's Fourth and Fourteenth Amendment Right by the culture of conditions of confinement, the seizure of person and property, the denial of liberty and property, denial of ordinary care, impermissible punishment, excessive force and impermissible unwanton contact, shocking the conscience by causing injuries, bleeding, swelling, the protracted loss of use of the hand, and scaring of the hand.

   2. C.C.R.S. and Director Chris Woods did violate the Common Law Tort of Intentional Infliction of Emotional Distress causing the mental and emotional suffering with extraordinary anxiety, depression, hopelessness, helplessness, despair, sleepless nights, headaches, the sickening of the physical constitution and melancholy destroying the sprit.

3. C.C.R.S. and Director Chris Woods did violate the Common Law Tort of negligence as these named actors failed to exercise a degree of care, skill, and competence that a reasonably competent professional would exercise under similar circumstance.

**PRAYER FOR RELIEF**

B.

1. Plaintiff seeks compensatory relief from defendant C.C.R.S. in violation of plaintiff's Fourth Amendment Right in the amount of twenty thousand dollars and no cents ($20,000,00).
2. Plaintiff seeks exemplary relief from defendant C.C.R.S for punitive, mental, and emotional violation of plaintiff's Fourth Amendment Right in the amount of eighty thousand dollars and no cents ($80,000,00).
3. Plaintiff seeks compensatory relief from defendant C.C.R.S. in violation of plaintiff's Fourteenth Amendment Right in the amount of twenty thousand dollars and no cents ($20,000,00),
4. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from C.C.R.S. in violation of plaintiff's Fourteenth Amendment Right in the amount of eighty thousand dollars and no cents ($750,000.00).
5. Plaintiff seeks compensatory relief for punitive, mental, and emotional damages from defendant C.C.R.S. Common Law

74

Tort of Intentional Infliction of Emotional Distress in the amount of twenty thousand dollars and no cents ($20,000.00).

6. Plaintiff seeks exemplary relief for punitive, mental, and emotional damages from defendant C.C.R.S   Common Law Tort of Intentional Infliction of Emotional Distress in the amount of sixty thousand dollars and no cents ($60,000.00).

7. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant C.C.R. violated of Common Law Tort of Negligence in the amount of twenty thousand dollars and no cents ($20,000.00)

8. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant C.C.R. violated of Common Law Tort of Negligence in the amount of sixty thousand dollars and no cents ($60,000.00)

9. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant C.C.R. violated of Common Law Tort of Negligent hiring in the amount of twenty thousand dollars and no cents ($20,000.00)

10. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant C.C.R. violated of Common Law Tort of Negligent in the amount of eighty thousand dollars and no cents ($80,000.00)

11. Plaintiff prays for compensatory relief from defendant Director Chris Woods in his violation of Plaintiff's Fourth Amendment Rights, in the amount of one hundred dollars and no cents. ($100,000.00).

12. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Director Chris Woods in his violation of plaintiff's Fourth Amendment Right in the amount of three hundred thousand dollars and no cents ($300.0,00.00)

13. Plaintiff prays for compensatory relief from defendant Director Chris Woods in his violation of plaintiff's Fourteenth Amendment Rights in the amount of one hundred thousand dollars and no cents ($100,000.00).

14. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Director Chris Woods in his violation of plaintiff's Fourteenth Amendment Rights in the amount of three hundred thousand dollars and no cents (300,000.00).

15. Plaintiff seeks compensatory relief from defendant Chris Woods violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of one million dollars and no cents ($1,000,000.00).

16. Plaintiff seeks exemplary relief from defendant Chris Woods violated Common Law Tort of Intentional Infliction of Emotional Distress in the amount of three million dollars and no cents ($3,000.000.00).

17. Plaintiff prays for compensatory relief for punitive, mental, and emotional damages from defendant Director Chris Woods violated of Common Law Tort of Negligence Per Se in the amount of one hundred thousand dollars and no cents ($100,000.00).

18. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from Director Chris Woods violated of Common Law Tort of Negligence Per Se in the amount three hundred thousand dollars and no cents ($300,000.00).

C.C.R.S. did violate Common Law Tort by Negligent Hiring in the necessary duty to supervise, train, and maintain the competence required for the position of Chris Woods security director; Mary Leeks mail and property officer; Margarito Gonzales, Bill Vainer, Jane Salazar; as Captain of Security, Amy Goldstein and Edward Town as Clinical directors; Jacob Richardson, A. Flores and Leslie Dinwiddie as Security; John and Jane Doe; various employees of C.C.R>S> did allow the supervision, training and competence to fall below minimal standards of ordinary care and professional standards.

## COUNT XIII

**A.**

The City of Littlefield Police Department... through it's agent Albert Garcia has created a culture and /or failed to train the Littlefield police officers under it's authority to precluding it's agents from aiding the plaintiff with it's protection from the criminal acts of C.C.R.S. and it's employees. Plaintiff has reported assaults, theft, and abuse by these employees to various agents of the Littlefield police force and the Chief of Police Garcia amount the deliberate indifference and denial of equal protection, and objectively, unreasonable seizure.

1. City of Littlefield Police Department... did violate Fourteenth Amendment right by the creation of the culture and / or failure to train with the supervision, training and competence falling below the minimum standards of ordinary care and professional standards. This neglect lead to the direct and/or causal connection of the injuries suffered by it's agents within it's caveat.

## PARYER FOR RELIEF

**B.**

1. Plaintiff prays for compensatory relief from defendant City of Littlefield Police Department... in their violation of Plaintiff's Fourth Amendment Rights, in the amount of twenty thousand dollars and no cents. ($20,000.00).

2. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant City of Littlefield Police Department... in their violation of plaintiff's Fourth Amendment Right in the amount of sixty thousand dollars and no cents ($60,000.00)

3. Plaintiff prays for compensatory relief from defendant City of Littlefield Police Department... in their violation of plaintiff's

Fourteenth Amendment Rights in the amount of twenty thousand dollars and no cents ($20,000.00).

4. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant City of Littlefield Police Department… in their violation of plaintiff's Fourteenth Amendment Rights in the amount of sixty thousand dollars and no cents ($60,000.00).

5. Plaintiff prays for compensatory relief from defendant Lamb County Attorney in their violation of Plaintiff's Fourth Amendment Rights, in the amount of twenty thousand dollars and no cents. ($20,000.00).

6. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Lamb County Attorney in their violation of plaintiff's Fourth Amendment Right in the amount of sixty thousand dollars and no cents ($60,000.00)

7. Plaintiff prays for compensatory relief from defendant Lamb County Attorney in their violation of plaintiff's Fourteenth Amendment Rights in the amount of twenty thousand dollars and no cents ($20,000.00).

8. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant Lamb County Attorney in their violation of plaintiff's Fourteenth Amendment Rights in the amount of sixty thousand dollars and no cents ($60,000.00).

9. Plaintiff prays for compensatory relief from defendant 154th District Attorney Office in their violation of Plaintiff's Fourth Amendment Rights, in the amount of twenty thousand dollars and no cents. ($20,000.00).

10. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant 154th District Attorney Office in their violation of plaintiff's Fourth Amendment Right in the amount of sixty thousand dollars and no cents ($60,000.00)

11. Plaintiff prays for compensatory relief from defendant 154th District Attorney Office in their violation of plaintiff's Fourteenth Amendment Rights in the amount of twenty thousand dollars and no cents ($20,000.00).

12. Plaintiff prays for exemplary relief for punitive, mental, and emotional damages from defendant 154th District Attorney Office

in their violation of plaintiff's Fourteenth Amendment Rights in the amount of sixty thousand dollars and no cents ($60,000.00).

## COUNT I

## CITY OF LITTLEFIELD POLICE DEPARMENT... AND CORRECT CARE SOLUTIONS AND AGENTS COMSPIRACY

### A.42 U.S.C.S 1985

Agents of Correct Care Solutions have met with agents of the City of Littlefield Police Department..., Lamb County Attorney's Office, and 154th District Attorney's Office establishing and agenda that denied plaintiff who is an insular and discreet minority created by the State law (See Tex. Health & Safety Code 841) his constitutional rights of equal protection under the law fundamental liberty interest in protection from bodily injury. This abuse caused the plaintiff's right ring finger to bleed, with the long-term effect of a scar. These actions have caused emotional and mental suffering with extraordinary anxiety, the sickness of depression, helplessness, hopelessness, despair, sleepless nights, headaches and physical constitution and melancholy. This conspiracy of the collaborating agents was class based against plaintiff who is civilly committed as a SVP.

1. The concerted effort between the agencies began January 22, 2016 when Amy Goldstein for Correct Care met with Lt. Leon Ponce to deny plaintiff the right to press charges against Correct Care employees for an assault occurring on January 22, 2016
2. January 22- February 10, Lt Leon Ponce of the City of Littlefield Police Department and the agent of the Lamb County Attorney's office Rickie Redman to objectively unreasonable seized plaintiff keeping him confined by C.C.R.S. in a warrantless arrest, and keeping plaintiff confined over forty-eight hours without ministration.
3. March 21, 2017 Correct Care Solutions Security Officer Flores assaulted plaintiff. Captain Gonzales met officer Flores and Jorge Juarez in front of plaintiff's cell. The three c-conspirators informed plaintiff of an intent to cover up the assault. The means of cover up was by refusing to call the police

and intended to lie if the police were called, (Captain Gonzales statement of "all he sees is plaintiff trying to hurt himself).

4. On March 21, 2017, Captain Gonzales met with several Correct Care employees John and Jane Doe's in front of plaintiff's cell. Plaintiff begged the various John and Jane Doe's to call the police. To a man, they refused to render aid to further the conspiracy.

5. On March 21, 2017 Captain Gonzales of Correct Care met with Littlefield Police officer Kasting to deny plaintiff the right to press charges against Correct Care Security Officer Flores for the assault occurring on March 21, 2017. Plaintiff asked officer Kasting to press charges on Security officer Flores. Plaintiff showed Officer Kasting his bruised and swollen hand from the assault. Officer Kasting refused to protect the plaintiff or investigate. Officer Kasting wished to help Captain Gonzales confiscate plaintiff's property asking plaintiff to come out of his cell. Plaintiff again asked Officer Kasting to investigate the assault, Officer Kasting again refused to provide plaintiff protection of the law; leaving with Captain Gonzales conversing with the officer to cover themselves in the folds of the conspiracy.

6. On March 6, 3027 different John and Jane Does witnessed a Correct Care Employee Richardson assault Plaintiff. Richardson was under the supervision of Captain Gonzales confiscated plaintiff's property to come out of his cell. Plaintiff again ask Officer Kastings to investigate the assault, officer Kastins again refused to provide plaintiff protection of the law; leaving with Captain Gonzales conversing with the officer to cover themselves in the fold of the conspiracy.

7. March 22, 2017 plaintiff spoke to detective Rodriguez who came to register sex offenders at T.C.C.C. showing the physical results (plaintiff's bruised and swollen left hand). Of the attack by Correct Care Solutions employee Richardson, Detective Rodriguez said, "It is not a crime for the to attack you" This furthered the conspirator's aim of covering=up Correct Cares assault.

8. On April 13, 2017 Lonnell Hanks and John Welsh finally was able to get Littlefield police to agree (The family received a call from another resident's family member informing them of the assault (to remain anonymous in fear of retaliation) was afraid for plaintiff's safety, finally with insisting on a welfare check) to investigate the assault. Littlefield Chief of Police Albert Garcia asked plaintiff to fill an affidavit of the various crimes committed by Correct Care Solutions. This was a token jester that utilized a sham to placate

Lonnell Hanks and John Welsh had to call back regarding the welfare. (Their call was not returned voluntarily as should be by a civil servant).

9. All named actors have prevented plaintiff's equal rights and equal protection of the law with discriminatory animus based on plaintiff being in the SVP committed class. With further effort plaint's fundamental rights of being secure in one person from bodily injury while ignoring their duty to provide protection.

10. C.C.R.S. agents, Chris Woods, Dustin Tijerina, Kevin Tedders, Arnulfo Hernandez and Leslie Dimwiddie did assault plaintiff by causing bodily injury on November 13, 2017.

11. C.C.R.S. agent Chris Woods met with City of Littlefield Police Department... agent Chief Ross Hester... to deny protection to plaintiff in a concerted effort to hide C.C.R.S. employee's assault failing to charge the assailant.

12. City of Littlefield Police Department...  agent Chief Ross Hester... met with Lamb County Attorney agent Rickie Redman and 154th District Attorney to unreasonably seize plaintiff for fifteen days based on a warrantless arrest by C.C.R.S. denying the right to forty-eight-hour ministration.

13. City of Littlefield Police Department... agent Chief Ross Hester met with Lamb County Attorney office agent Rickie Redman and 154th did objectively unreasonably size plaintiff by charging criminal fabrication of evidence and false report to a police officer by subjective elements provided by C.C.R.S. Chris Woods of offenses or elements of the criminal charges that fail probable cause in order to overtly divert the action of C.C.R.S.

## B 42 U.S.C.S. 1986

Name Correct Care Solutions, the City of Littlefield Police Department,... Amy Goldstein, Jane Salazar, Margarito Gonzales, Police Officer Kasting, Lt. Leon Ponce, Detective Rodriguez, Chief of Police Albert Garcia, Correct Care Security Flores, Richardson, Jorge Juarez, and John and Jane Doe in the act the above 18 U.S.C.S. 1985 conspiracy. The above listed actors either posses the knowledge and help further the conspiracy or refused to prevent the conspiracy that denied plaintiff his U.S Constitutional Fourteenth Amendment Rights of equal protection of the law and protection from bodily injury.

**RELIEF**

**C.**

1. Compensatory relief against City of Littlefield Police Department,… Amy Goldstein, Jane Salazar, Margarito Gonzales, Police officer Kasting, Lt. Leon Ponce, Detective Rodriguez, Chief of Police Albert Garcia, Correct Care Security Flores, Richardson, Jorge Juarez, John and Jane Doe. For conspiracy of 42 U.S.C.S.1985 in the amount of fifty thousand dollars and no cents ($50,000.00).

2. Exemplary relief against City of Littlefield Police Department,… Amy Goldstein, Jane Salazar, Margarito Gonzales, Police officer Kasting, Lt. Leon Ponce, Detective Rodriguez, Chief of Police Albert Garcia, Correct Care Security Flores, Richardson, Jorge Juarez, John and Jane Doe. For conspiracy of 42 U.S.C.S.1985 in the amount of one hundred fifty thousand dollars and no cents ($150,000.00).

3. Compensatory relief against City of Littlefield Police Department, …Amy Goldstein, Jane Salazar, Margarito Gonzales, Police officer Kasting, Lt. Leon Ponce, Detective Rodriguez, Chief of Police Albert Garcia, Correct Care Security Flores, Richardson, Jorge Juarez, John and Jane Doe for failing to prevent the wrongs in the 42 U.S.C.S.1986 in the amount of fifty thousand dollars and no cents ($50,000.00).

4. Exemplary relief against City of Littlefield Police Department, …Amy Goldstein, Jane Salazar, Margarito Gonzales, Police officer Kasting, Lt. Leon Ponce, Detective Rodriguez, Chief of Police Albert Garcia, Correct Care Security Flores, Richardson, Jorge Juarez, John and Jane Doe for failing to prevent the wrongs in the 42 U.S.C.S.1986 in the amount of one hundred fifty thousand dollars and no cents ($50,000.00).

## CORRECT CARE SOLUTIONS II

### A.U.S. Constitution 14th Amendment

### 1.Assault

The continued assaultive conduct of Correct Care Solution employees is intolerable in a civilized society. Correct Care Employees Security officer Richardson and Flores assaulted plaintiff on the dates of March 21 and March 22, 2017. These officers had a duty to protect and care for plaintiff. The use of force with bodily injury is a Correct Care Solutions cultural policy to use physical force for compliance. The force used for compliance is with obvious criminal reckless disregard for protection and care or Correct Care Solutions had a moral disregard to train the security staff properly. One of the two cause the plaintiff's injuries. The sum of Correct Care Solutions actions is indifferent to or a moral disregard of plaintiff care and safety, violating plaintiff U.S. Constitutional Fourteenth Amendment fundamental right of care and safety of his person.

A. Relief Correct Care Solutions, City of Littlefield Police Department, ...C.C.R.S., Lamb County Attorney's Office, 154th District Attorney's Office, Amy Goldstein, Chris Woods, Bill Vanier, Distin Tijerina, Arnulfo Hernandez, Leslie Dinwiddie, Kevin Tedder, Jacob Richardson, A. Flores, Officer Kasting, Detetive Rodriguez, Chief Ross Hester, Albert Garcia and Rickie Redman.

(i) Compensatory relief for all defendants listed above for violating plaintiff's Fourteenth Amendment Right of care and safety.

(ii) Exemplary relief for all defendants listed above violating plaintiff's Fourteenth Amendment fundamental right of care and safety.

### COUNT II

Plaintiff asks the court to press criminal charges on:

Amy Goldstein, Jane Salazar, Margarito Gonzales, Police Officer

Kasting, Lt. Leon Ponce, Detective Rodriguez, Chie of Police Albert Garcia,

Correct Care Solutions, Security Flores, Richardson, Jorge Juarez, John and

Jane Does, Rickie Redman, and Chief Ross Hester.

The individual persons named conspire to injure, oppress, threaten, or

intimidate any person in any State, Territory, Commonwealth, Possession,

or District in the free exercise or enjoyment of any right or privilege secured

to him by the Constitution or laws of the United States, or because of his

having so exercised the same; as stated in the above 42 U.S.C.S 1985 and

1986.

B. **18 U.S.C.S 242**

Plaintiff as the court to make a determination of Federal Charges for the

violation of the various United States Constitution Rights of the plaintiff

that the named actors in the complaint can be held legally liable for.

C. **State Criminal Law**

As the courts maintain jurisdiction over all state law claims 28

U.S.C.S. § 1367(a) and criminal laws of the United States as defined
in 18 U.S.C. S. § 3231 plaintiff ask the court for relief in the

following:

1. Texas Penal Code 22.02 Aggravated Assault against Richardson,

   A. Flores, Leslie Dimwiddie, Arnulfo Hernandez.

2. Texas Penal Code 38.171 failure to report felony against Jorge

84

Juarez, Maria Sanchez and John and Jane Does.

3. Texas Penal Code 39.03(a) Official Oppression against Lt. Leon Ponce, Officer Kasting, Detective Rodriguez, all the Littlefield Police Department, Chief of Police Albert Garcia all the Littlefield Police Department, Chis Wood, Rickie Redman, and Chief Ross Hester.

4. Texas Penal Code 71.02(a)(1) Engaging in Organized Criminal Activity Amy Goldstein, Chris Woods, Jane Salazar, Bill Vainer, Margarito Gonzales, Richardson, Flores, Leslie Dimwiddie, Officer Kasting, Detective Rodriguez, Lt. Leon Ponce, Chief of Police Albert Garcia, Chief Ross Hester and Rickie Redman.

5. Texas Penal Code Theft 33.01 Brian Thomas.

## XV PRAYER

Accordingly, plaintiff prays the Honorable District Court excepts this complaint and view it in the most favorable light. Based on the matters asserted not on the form it was written. Plaintiff prays court grants all relief asked for and entitled too. Plaintiff further prays the court grant court cost and attorney fees from all name defendants. Holding the plaintiff to an informal pleading standard, as he is pro se.

Petitioner prays that all attorney and court cost be paid....

Respectfully Submitted, *Lonnie Kade Welsh*

Lonnie Kade Welsh #27818

Lamb County Jail

1200 Waylon Jennings Blvd

Littlefield, Tx 79339

In The United States District Court
Northern District of Texas
Lubbock Division

| | | |
|---|---|---|
| Lonnie Kade Welsh | § | |
| Plaintiff | § | |
| V | § | Case No. 5:18-CU-020-BQ |
| Correct Care Recovery Solutions, et al | § | |
| Defendants | § | |

Amended Complaint Attachment

Amended Complaint 001 - 86

