IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| LONNIE KADE WELSH, <br> Institutional ID No. 6516607, <br><br> Plaintiff, <br><br> v. <br><br> CORRECT CARE RECOVERY <br> SOLUTIONS, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. 5:18-CV-020-BQ |

**REPORT AND RECOMMENDATION**

There are three live claims in this action: two for excessive force (Counts 1 and 10) and one based on an alleged conspiracy to file false charges (Count 11). ECF No. 81. After being served with process, Defendant Lesley Dinwiddie filed the Rule 12(b)(6) Motion to Dismiss as to Counts 1 and 11 now before the Court. ECF No. 102. Because pro se Plaintiff Lonnie Kade Welsh does not plead facts against Defendant Dinwiddie as to Counts 1 and 11, and because the Court did not require a responsive pleading from Dinwiddie as to those counts, the undersigned recommends the United States District Judge **GRANT** Defendant's motion.

## I.     Background

Proceeding pro se and *in forma pauperis*, Welsh filed this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights at the Texas Civil Commitment Center (TCCC). ECF No. 1. On March 26, 2018, the United States District Judge transferred this case to the undersigned United States Magistrate Judge for preliminary screening under 28 U.S.C. § 1915. ECF No. 13. The undersigned thereafter granted Welsh permission to proceed *in forma pauperis*

(IFP).[1] Welsh subsequently sought, and the undersigned granted, leave to file an Amended Complaint. *See* ECF Nos. 18, 19.

The undersigned reviewed Welsh's Amended Complaint as well as authenticated records from various entities, and held an evidentiary hearing in accordance with *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985), where Welsh appeared and testified under oath. ECF Nos. 40, 41. Welsh has consented to proceed before the undersigned magistrate judge. ECF No. 11.

On April 24, 2019, the Court entered an Order of Dismissal and Judgment in this action, dismissing Welsh's Amended Complaint, which alleged multiple claims against thirty-five Defendants in thirteen specific counts, plus additional "miscellaneous claims." ECF Nos. 43, 44. Welsh appealed, and the United States Court of Appeals for the Fifth Circuit largely affirmed this Court's order, excepting three claims. *Welsh v. Correct Care Recovery Sols.*, 845 F. App'x 311, 315–17, 320–21 (5th Cir. 2021). Specifically, the Fifth Circuit vacated and remanded the following: excessive force claims in Counts 1 and 10, as well as a conspiracy-to-file-false-charges claim in Count 11. *Id.*[2]

Accordingly, the Court ordered Defendants Bill Vanier, Dustin Tijerina, Lesley Dinwiddie, Arnulfo Hernandez, Kevin Tedder, Margarito Gonzales, Chris Woods, and Ross Hester to answer or otherwise plead to these remaining claims. ECF No. 81. The Court's order described the factual allegations made by Welsh as to each claim and specified that Welsh pleaded facts implicating Defendant Dinwiddie in Count 10. *Id.* at 2–3. Nevertheless, Defendant Dinwiddie now seeks

---

[1] Although the State of Texas has civilly adjudged Welsh to be a sexually violent predator (SVP), he was not civilly committed at the time he filed his original Complaint. Instead, Lamb County Jail had custody of Welsh. Thus, the Court determined Welsh was a "prisoner" for the purposes of this lawsuit. *See* ECF No. 17; 28 U.S.C. § 1915; 42 U.S.C. § 1997e. Most of Welsh's claims, however, arose during and relate to his civil commitment.

[2] This Court dismissed Counts 10 and 11 based on *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) and Welsh's state court conviction for fabricating evidence. During the pendency of Welsh's post-judgment motions in this case, a state appellate court reversed Welsh's conviction, ultimately resulting in the Fifth Circuit's reversal of this Court's *Heck* dismissal and reinstatement of these two claims. *See Welsh*, 845 F. App'x at 315–16, 321.

dismissal as to the claims in Counts 1 and 11 on the basis that those counts "wholly fail to mention Defendant."[3] Mot. 4. Specifically, Defendant Dinwiddie argues that it does not "appear from the Amended Complaint that [Welsh] intends to allege any cause of action against Defendant for the actions or omissions detailed in Counts 1 and 11." *Id.* Welsh did not file a response, and the motion is now ripe for review.

As of this date, all parties have not consented to proceed before the magistrate judge. The undersigned now files this Report and recommends that the United States District Judge grant Defendant Dinwiddie's Motion to Dismiss any claim asserted against him in Counts 1 and 11.

## II.    Welsh's Allegations

The following factual recitation derives from this Court's previous Order to Answer. ECF No. 81. In Count 1 of his Amended Complaint, Welsh contends that on January 22, 2016, he had an argument with Officer Hawthorne. Am. Compl. 4–7, ECF No. 20.[4] Thereafter, Captain Jane Salazar ordered Welsh to move to a cell in the secured management unit (SMU). *Id.* Welsh concedes that he failed to comply with Captain Salazar's orders, as well as those of Amy Goldstein, a clinical director at TCCC, both before and during the alleged incident. *Id.* at 4–5. Welsh alleges, however, that once in the SMU, "Captain Vanier while taking of[f] the shackles, used the metal jagged edge . . . [to] grind the teeth of the cuff into the plaintiff's right ring finger" in violation of the Fourteenth Amendment. *Id.* at 5–6. The Fifth Circuit explained that under a fair reading of Welsh's Amended Complaint, "Vanier's [purported] use of excessive force occurred . . . after Welsh had been subdued, shackled, and transported to the isolation cell." *Welsh*, 845 F. App'x at 317. That is, Welsh alleges that Captain Vanier applied gratuitous force after Welsh was subdued

---

[3] Defendant Dinwiddie interpreted the Court's order as requiring an answer on Counts 1 and 11. Mot. 4 n.2, ECF No. 102.

[4] Page citations to Welsh's pleadings refer to the electronic page number assigned by the court's electronic filing system.

and in a cell. Welsh avers that Captain Vanier's use of force "caused [his] right ring finger to bleed, with the long-term effect of a scar." Am. Compl. 5.

Welsh's Count 10 claim also involves a purported use of force incident. Welsh asserts that on November 13, 2017, Officers Tijerina, Dinwiddie,[5] Hernandez, Tedder, and Gonzales, as well as Security Director Woods, used force excessive to the need. *Id.* at 56–57. Specifically, Welsh asserts that after he refused to accept housing, Director Woods ordered Defendants to use force on Welsh. *Id.* at 56. Welsh contends that Officers Tijerina and Tedder "applied painful arm bars as [Welsh] laid [sic] prone and helpless." *Id.* He further claims that after officers shackled his arms and legs, they moved him to a different cell. *Id.* When the officers attempted to remove the handcuffs, Welsh acknowledges that he "moved his hands," which allegedly caused Officer Hernandez to twist Welsh's arm in an attempt to break it. *Id.* at 56–57. Welsh further claims that Officer Dinwiddie repeatedly slammed his head into the floor, causing swelling and bruising to Welsh's head and eye. *Id.* at 57.

Finally, Count 11 avers that Littlefield Police Department (LPD) Chief of Police Ross Hester investigated the alleged November 13, 2017, incident and charged Welsh "with fabricating physical evidence by assaulting his own face and making a false report to a Peace Officer," a charge Welsh contends was "false." *Id.* at 65–69. Welsh claims that Security Director Woods and Hester conspired to bring false charges against him. *Id.*; *see Welsh*, 845 F. App'x at 321.

### III. Discussion

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if, at any time, the court determines that the complaint is frivolous

---

[5] Welsh spells the officer's surname different ways throughout his pleading: "Dimwiddie" (Am. Compl. 2); "Dinwiddie" (id. at 57); and "Denwiddie." Id. at 64. According to his pleadings, however, Defendant's name is spelled "Lesley Dinwiddie." ECF No. 102. The Court therefore adopts that spelling.

or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2017); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*).

### A. Standard for Evaluating a Motion to Dismiss Under Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering 12(b)(6) motions, courts must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). A court need only determine whether the plaintiff has stated a legally cognizable claim; it does not evaluate whether the plaintiff is ultimately likely to prevail. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Rule 12(b)(6) motions are disfavored and granted sparingly. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

### B. Any claim asserted against Defendant Dinwiddie in Counts 1 and 11 should be dismissed.

Welsh does not plead any facts implicating Defendant Dinwiddie as to the claims in Counts 1 and 11. Am. Compl. 4–7, 56–57, 65–69. Thus, the undersigned recommends that the district judge dismiss any claim asserted against Defendant Dinwiddie in those counts for failure to state a claim under Rule 12(b)(6). *See Sias v. Louisiana*, 146 F. App'x 719, 720 (5th Cir. 2005) (per

curiam) (holding that vague and conclusory allegations provide an insufficient basis for § 1983 claims); *Church v. Bowden*, No. 12–772–JJB–SCR, 2013 WL 634871, at *2 (M.D. La. Jan. 14, 2013) (recommending dismissal of claims against defendants, where plaintiff named them "but made no factual allegations against them"), *R. & R. adopted by* 2013 WL 634850 (M.D. La. Feb. 20, 2013).

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge grant Defendant Dinwiddie's motion and dismiss any claim asserted against him in Counts 1 and 11.

## V. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: January 7, 2022.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE