IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| LONNIE KADE WELSH, §<br>Institutional ID No. 6516607, §<br>§<br>Plaintiff, §<br>§<br>v. §   CIVIL ACTION NO. 5:18-CV-020-BQ<br>§<br>CORRECT CARE RECOVERY §<br>SOLUTIONS, *et al.*, §<br>§<br>Defendants. § | |

### REPORT AND RECOMMENDATION[1]

The Court previously entered an Order to Answer and for Service, requiring, inter alia, Defendants Kevin Tedder and Chris Woods to answer or otherwise plead to certain claims in pro se Plaintiff Lonnie Kade Welsh's Amended Complaint. ECF Nos. 81, 86. The United States Marshal (USM) twice attempted to serve Defendants, but to no avail. ECF Nos. 89, 92, 115, 116. The Court has provided Welsh two opportunities, over a span of more than five months, to provide Defendants' current addresses. ECF Nos. 119, 130. Because Welsh has not provided current addresses for either Defendant Tedder or Defendant Woods, and Defendants have never been served with process, the undersigned recommends that the United States District Judge dismiss all claims against them without prejudice in accordance with Rule 4(m).

### I.   Background

Proceeding pro se and *in forma pauperis*, Welsh filed this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights at the Texas Civil Commitment Center (TCCC). ECF No. 1. On March 26, 2018, the United States District Court transferred this case to the

---

[1] All parties have not consented to proceed before the magistrate judge.

undersigned United States Magistrate Judge for preliminary screening under 28 U.S.C. § 1915. ECF No. 13. The undersigned thereafter granted Welsh permission to proceed *in forma pauperis* (IFP).[2] Welsh subsequently sought, and the undersigned granted, leave to file an Amended Complaint. *See* ECF Nos. 18, 19.

The undersigned reviewed Welsh's Amended Complaint as well as authenticated records from various entities, and held an evidentiary hearing in accordance with *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985), where Welsh appeared and testified under oath. ECF Nos. 40, 41. Welsh has consented to proceed before the undersigned magistrate judge. ECF No. 11.

On April 24, 2019, the Court entered an Order of Dismissal and Judgment in this action, dismissing Welsh's Amended Complaint, which alleged multiple claims against thirty-five Defendants in thirteen specific counts, plus additional "miscellaneous claims." ECF Nos. 43, 44. Welsh appealed, and the United States Court of Appeals for the Fifth Circuit largely affirmed this Court's order, excepting three claims. *Welsh v. Correct Care Recovery Sols.*, 845 F. App'x 311, 315–17, 320–21 (5th Cir. 2021). Specifically, the Fifth Circuit vacated and remanded the following: excessive force claims in Counts 1 and 10, as well as a conspiracy-to-file-false-charges claim in Count 11. *Id.*[3]

Accordingly, the Court ordered Defendants Bill Vanier, Dustin Tijerina, Lesley Dinwiddie, Arnulfo Hernandez, Kevin Tedder, Margarito Gonzales, Chris Woods, and Ross Hester to answer or otherwise plead to the live claims. ECF No. 81. After the USM returned the summonses

---

[2] Although the State of Texas has civilly adjudged Welsh to be a sexually violent predator (SVP), he was not civilly committed at the time he filed his original Complaint. Instead, Lamb County Jail had custody of Welsh. Thus, the Court determined Welsh was a "prisoner" for the purposes of this lawsuit. *See* ECF No. 17; 28 U.S.C. § 1915; 42 U.S.C. § 1997e. Most of Welsh's claims, however, arose during and relate to his civil commitment.

[3] This Court dismissed Counts 10 and 11 based on *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) and Welsh's state court conviction for fabricating evidence. During the pendency of Welsh's post-judgment motions in this case, a state appellate court reversed Welsh's conviction, ultimately resulting in the Fifth Circuit's reversal of this Court's *Heck* dismissal and reinstatement of these two claims. *See Welsh*, 845 F. App'x at 315–16, 321.

unexecuted (ECF Nos. 89, 92) as to Defendants Tedder and Woods, counsel for another Defendant filed an advisory with the Court and provided Defendants' last-known addresses under seal. ECF Nos. 99, 100, 101. In accordance with this Court's order (ECF No. 107), the USM again attempted to serve Defendants Tedder and Woods, but to no avail. ECF Nos. 115, 116. The Court thereafter entered an order on July 1, 2021, advising Welsh that it had twice attempted to have service perfected on Defendants Tedder and Woods, and Welsh now bore the responsibility of providing the Court with their current addresses. ECF No. 119. Further, the Court admonished Welsh that his failure to provide Defendants' addresses would result in dismissal of his claims against those Defendants. *Id.*

In response, Welsh filed a "Motion for Nonparty Subpoena and Stay Request" solely regarding a third Defendant who had not yet been served, Dustin Tijerina. ECF No. 121. Because Welsh's motion did not provide addresses for Defendants Tedder and Woods, the Court entered an order on November 30, 2021, finding good cause to extend the time for service under Fed. R. Civ. P. 4(m) and granting Welsh a fourteen-day extension of time—i.e., until December 14, 2021—in which to provide Defendants' last-known addresses. ECF No. 130. The order also advised Welsh again that his failure to provide the necessary information would result in a recommendation that his claims against Defendants be dismissed. As of this date, Welsh has not provided any information concerning Defendants Tedder and Woods.

### III.  Discussion

Rule 4(m) of the Federal Rules of Civil Procedure provides that "the court—on motion or on its own after notice to the plaintiff—*must* dismiss" without prejudice claims against any defendant who is not served within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m)

3

(emphasis added). Upon a finding of good cause, however, "the court must extend the time for service for an *appropriate period.*" *Id.* (emphasis added).

The Court originally directed the USM to serve Defendants on May 7, 2021 (ECF No. 86), and again on June 3 after the USM returned the summonses unexecuted. ECF No. 107. Thus, Welsh has been on notice of the defects in service since May 11, 2021, when the first summonses were returned unexecuted. ECF Nos. 89, 92. Then, on July 1, the Court ordered Welsh to provide Defendants' last-known addresses within thirty days of the date of the order and cautioned him that his failure to do so could result in dismissal of Defendants Tedder and Woods. *See* ECF No. 119. Welsh failed to provide the required information (*see* ECF No. 121); however, on November 30, the Court found good cause to extend the time for service and permitted Welsh an additional fourteen days to supply the addresses. ECF No. 130.

More than seven months have passed since Welsh first became aware of the service defects, and the Court has given him more than five months to cure the defects. Welsh's lack of communication concerning Defendants Tedder's and Woods's whereabouts leads the Court to conclude that he cannot or will not supply the information, particularly where Welsh has provided information concerning another party, Defendant Tijerina. *See* ECF Nos. 121, 130. Under these circumstances, the undersigned finds dismissal of Defendants Tedder and Woods appropriate.

The Court reaches this conclusion despite the fact that the statute of limitations may bar Welsh's claims against Defendants should Welsh elect to re-file. *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (applying a more stringent standard for dismissals that are effectively with prejudice due to the statute of limitations). "Dismissal with prejudice is appropriate only when there is a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of

4

justice." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (internal quotation marks and citation omitted); *accord Nottingham*, 837 F.3d at 441. "In most cases, a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct." *Griggs*, 905 F.3d at 844 (quoting *Stearman v. Comm'r*, 436 F.3d 533, 535 (5th Cir. 2006)).

Despite ample time to supply the necessary addresses, and extensions by the Court well beyond the time period contemplated by the rule, Welsh has not done so. Welsh bears final responsibility for accomplishing service of process upon Defendants (*see* Fed. R. Civ. P. 4(c)(1))—as such, the resulting delay is ultimately and solely attributable to Welsh. *See Coleman v. Groom*, No. 3:19-CV-1155-N-BK, 2019 WL 5069065, at *3 (N.D. Tex. Sept. 18, 2019) (observing that because he was proceeding pro se, plaintiff's "recalcitrance [was] attributable to [him] alone"), *R. & R. adopted by* 2019 WL 5068169 (N.D. Tex. Oct. 9, 2019), *appeal dismissed*, 847 F. App'x 219 (5th Cir. 2021). This case is ready to proceed past the initial pleading stage, and the appearing Defendants would be prejudiced by further delays. Thus, the undersigned recommends the district judge dismiss Defendants Tedder and Woods from this action.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends, in accordance with Rule 4(m), that the United States District Judge dismiss without prejudice Defendants Kevin Tedder and Chris Woods and all claims asserted against them.

## V. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file

specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: January 7, 2022.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE