IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| LONNIE KADE WELSH, <br> Institutional ID No. 6516607, <br><br> Plaintiff, <br><br> v. <br><br> CORRECT CARE RECOVERY <br> SOLUTIONS, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § § § | CIVIL ACTION NO. 5:18-CV-020-BQ |

## *AMENDED* REPORT AND RECOMMENDATION[1]

The Court previously entered an Order to Answer and for Service, requiring, inter alia, Defendant Dustin Tijerina to answer or otherwise plead to certain claims in pro se Plaintiff Lonnie Kade Welsh's Amended Complaint. ECF No. 81, 86. The United States Marshal (USM) attempted to serve Defendant Tijerina three times, but to no avail. ECF Nos. 88, 114, 137. The Court provided Welsh three opportunities, over a span of more than six months, to provide Defendant Tijerina's current address. ECF Nos. 119, 130, 147. Only after expiration of a final fourteen-day extension did Welsh file a purported address for Defendant Tijerina; however, Welsh failed to explain the basis for the delay, as required by the Court's Order to Show Cause. ECF Nos. 147, 152. Because (1) Welsh did not timely provide a current address for Defendant Tijerina, along with a sufficient explanation for the six-month delay, and (2) Tijerina has never been served with process, the undersigned recommends that the United States District Judge dismiss all claims against him without prejudice in accordance with Rule 4(m).[2]

---

[1] The Court withdraws the Report and Recommendation entered January 31, 2022 (ECF No. 153) and enters this Amended Report and Recommendation.

[2] All parties have not consented to proceed before the magistrate judge.

I. **Background**

Proceeding pro se and *in forma pauperis*, Welsh filed this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights at the Texas Civil Commitment Center (TCCC). ECF No. 1. On March 26, 2018, the United States District Court transferred this case to the undersigned United States Magistrate Judge for preliminary screening under 28 U.S.C. § 1915. ECF No. 13. The undersigned thereafter granted Welsh permission to proceed *in forma pauperis* (IFP).[3] Welsh subsequently sought, and the undersigned granted, leave to file an Amended Complaint. *See* ECF Nos. 18, 19.

The undersigned reviewed Welsh's Amended Complaint, as well as authenticated records from various entities, and held an evidentiary hearing in accordance with *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985), where Welsh appeared and testified under oath. ECF Nos. 40, 41. Welsh has consented to proceed before the undersigned magistrate judge. ECF No. 11.

On April 24, 2019, the Court entered an Order of Dismissal and Judgment in this action, dismissing Welsh's Amended Complaint, which alleged manifold claims against thirty-five Defendants in thirteen specific counts, plus additional "miscellaneous claims." ECF Nos. 43, 44. Welsh appealed, and the United States Court of Appeals for the Fifth Circuit largely affirmed this Court's order, excepting three claims. *Welsh v. Correct Care Recovery Sols.*, 845 F. App'x 311, 315–17, 320–21 (5th Cir. 2021). Specifically, the Fifth Circuit vacated and remanded the following: excessive force claims in Counts 1 and 10, as well as a conspiracy-to-file-false-charges claim in Count 11. *Id.*[4]

---

[3] Although the State of Texas has civilly adjudged Welsh to be a sexually violent predator (SVP), he was not civilly committed at the time he filed his original Complaint. Instead, Lamb County Jail had custody of Welsh. Thus, the Court determined Welsh was a "prisoner" for the purposes of this lawsuit. *See* ECF No. 17; 28 U.S.C. § 1915; 42 U.S.C. § 1997e. Most of Welsh's claims, however, arose during and relate to his civil commitment.

[4] This Court dismissed Counts 10 and 11 under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) based on Welsh's state court conviction for fabricating evidence. During the pendency of Welsh's post-judgment motions in this case,

Accordingly, the Court ordered Defendants Bill Vanier, Dustin Tijerina, Lesley Dinwiddie, Arnulfo Hernandez, Kevin Tedder, Margarito Gonzales, Chris Woods, and Ross Hester to answer or otherwise plead to the live claims. ECF No. 81. After the USM returned the summons unexecuted (ECF No. 88) as to Defendant Tijerina, counsel for another Defendant filed an advisory with the Court and provided Defendant's last-known address under seal. ECF Nos. 99, 100, 101. In accordance with this Court's order (ECF No. 107), the USM again attempted to serve Defendant Tijerina, but to no avail. ECF No. 114. The Court thereafter entered an order on July 1, 2021, advising Welsh that it had twice attempted to have service perfected on Defendant Tijerina, and Welsh now bore the responsibility of providing the Court with his current address. ECF No. 119. Further, the Court admonished Welsh that his failure to provide Defendant's address would result in dismissal of his claims against that Defendant. *Id.*

In response, Welsh filed a "Motion for Nonparty Subpoena and Stay Request." ECF No. 121. Welsh believed that Defendant Tijerina worked for "nonparty Management and Training Corporation" (MTC) at a federal prison in Oklahoma and therefore asked the Court to subpoena MTC "for [location] information concerning Dustin Tijerina" so that service could be effected. *Id.* at 1–2. The Court denied Welsh's request to subpoena MTC concerning Defendant Tijerina's last-known address, citing his failure to "tender the required fees and/or expenses necessary for issuance and service of and compliance with the subpoena." ECF No. 130, at 2. Nevertheless, based on Welsh's request the Court ordered MTC to provide the last-known address it had on-file for Defendant Tijerina. *Id.* at 3. The Court cautioned Welsh, however, that as Plaintiff in this civil-rights action, he bears ultimate responsibility for serving Defendants, and that it would recommend dismissal of Defendant Tijerina if service was unsuccessful. *Id.*

---

however, a state appellate court reversed Welsh's conviction, thereby necessitating reversal of this Court's *Heck* dismissal and reinstatement of these two claims. *See Welsh*, 845 F. App'x at 315–16, 321.

On December 2, 2021, MTC provided, under seal, the last-known address for Defendant Tijerina. ECF Nos. 131, 132. In its filings with the Court, MTC stated "that it does not operate any federal prison in Oklahoma, contrary to [Welsh's] statement . . . , and Mr. Tijerina's last date of employment with MTC was October 25, 2019." ECF No. 131, at 1. Upon order of the Court, the USM attempted service at the address provided by MTC (ECF No. 133), but for the third time the USM was unable to serve Defendant Tijerina and returned the summons unexecuted. ECF No. 137.

Thus, the Court provided Welsh one final opportunity to provide the necessary information. On January 7, 2022, the Court entered an Order to Show Cause requiring Welsh to (1) provide Defendant Tijerina's address within fourteen days of the order *and* (2) provide sufficient explanation why Tijerina should not be dismissed under Rule 4(m). ECF No. 147. Welsh initially responded that he was not aware of Defendant Tijerina's location, and the Court should therefore dismiss Tijerina. ECF No. 150. But on January 27, 2022 (after the fourteen-day deadline), Welsh filed a notice providing Defendant Tijerina's purported location. ECF No. 152. Welsh provided no explanation, however, for the belated filing; he merely stated: "This information came to me 1-21-2022 sorry for the delay." *Id.*

## II. Discussion

Rule 4(m) of the Federal Rules of Civil Procedure provides that "the court—on motion or on its own after notice to the plaintiff—*must* dismiss" without prejudice claims against any defendant who is not served within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m) (emphasis added). Upon a finding of good cause, however, "the court must extend the time for service for an *appropriate period*." *Id.* (emphasis added).

The Court originally directed the USM to serve Defendant on May 7, 2021 (ECF No. 86), and again on June 3 after the USM returned the summons unexecuted. ECF No. 107. Thus, Welsh has been on notice of the defects in service since May 11, 2021, when the first summons was returned unexecuted. ECF No. 88. Then, on July 1, the Court ordered Welsh to provide Defendant's last-known address within thirty days of the date of the order and cautioned him that his failure to do so could result in dismissal of Defendant Tijerina. *See* ECF No. 119. Welsh provided some information (*see* ECF No. 121); however, it ultimately proved unfruitful. ECF Nos. 131, 132, 133, 137.

More than eight months have passed since Welsh first became aware of the service defects, and the Court has allowed more than six months to cure the defects. Welsh has not provided *any* explanation as to why he could not obtain Defendant Tijerina's location prior to January 21, nor has he detailed any efforts he took to obtain it once he was aware of the service defect. *See* ECF No. 152. Under these circumstances, the undersigned finds dismissal of Defendant Tijerina appropriate.

The Court reaches this conclusion despite the fact that the statute of limitations may bar Welsh's claims against Defendant Tijerina should Welsh elect to re-file. *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (applying a more stringent standard for dismissals that are effectively with prejudice due to the statute of limitations). "Dismissal with prejudice is appropriate only when there is a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (internal quotation marks and citation omitted); *accord Nottingham*, 837 F.3d at 441. "In most cases, a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present:

(1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct." *Griggs*, 905 F.3d at 844 (quoting *Stearman v. Comm'r*, 436 F.3d 533, 535 (5th Cir. 2006)).

Despite ample time to supply the necessary address, and extensions by the Court well beyond the time period contemplated by the rule, Welsh did not timely do so. Welsh bears final responsibility for accomplishing service of process upon Defendant (*see* Fed. R. Civ. P. 4(c)(1))—as such, the resulting delay is ultimately and solely attributable to Welsh. *See Coleman v. Groom*, No. 3:19-CV-1155-N-BK, 2019 WL 5069065, at *3 (N.D. Tex. Sept. 18, 2019) (observing that because he was proceeding pro se, plaintiff's "recalcitrance [was] attributable to [him] alone"), *R. & R. adopted by* 2019 WL 5068169 (N.D. Tex. Oct. 9, 2019), *appeal dismissed*, 847 F. App'x 219 (5th Cir. 2021). This case is ready to proceed past the initial pleading stage, and the appearing Defendants would be prejudiced by further delays. Thus, the undersigned recommends the district judge dismiss Defendant Tijerina from this action.

### III. Recommendation

For the foregoing reasons, the undersigned recommends, in accordance with Rule 4(m), that the United States District Judge dismiss without prejudice Defendant Dustin Tijerina and all claims asserted against him.

### IV. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify

the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: February __1__, 2022.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE