IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| LONNIE KADE WELSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CORRECT CARE RECOVERY | ) |
| SOLUTIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) Civil Action No. 5:18-CV-020-C-BQ |

## ORDER

Before the Court is the Report and Recommendation of the United States Magistrate Judge (ECF No. 268) therein advising the Court that: (1) Defendants' Motion for Summary Judgment should be granted in part and denied in part; (2) Welsh's evidentiary objections should be overruled; (3) Defendants' evidentiary objections based on hearsay, lack of personal knowledge, and conclusory assertions should be overruled as moot; and (4) Defendants' generalized evidentiary objections to purported contradictory statements should be overruled. Plaintiff filed his Objections to Magistrate's Report and Recommendation on January 10, 2024.

The Court conducts a *de novo* review of those portions of the Magistrate Judge's report or specified proposed findings or recommendations to which a timely objection is made. 28 U.S.C. § 636(b)(1)(C). Portions of the report or proposed findings or recommendations that are not the subject of a timely objection will be accepted by the Court unless they are clearly erroneous or contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

After due consideration and having conducted a *de novo* review, the Court finds that Plaintiff's objections should be **OVERRULED**.[1] The Court has further conducted an independent review of the Magistrate Judge's findings and conclusions and finds no error.

It is therefore **ORDERED** that the findings and conclusions contained in the Report and Recommendation are hereby **ADOPTED** as the findings and conclusions of the Court.

For the reasons stated therein, the Court: (1) overrules Plaintiff's evidentiary objections; (2) overrules as moot Defendants' evidentiary objections based on hearsay, lack of personal knowledge, and conclusory assertions; and (3) overrules Defendants' generalized evidentiary objections to purported contradictory statements.

The Court **ORDERS** that summary judgment is denied as to Plaintiff's claims: (1) asserted under 42 U.S.C. § 1983 for excessive force against Defendants Vanier and Dinwiddie; and (2) for state law assault asserted against Defendants Vanier and Hernandez.

The Court further **ORDERS** that summary judgment is granted as to Plaintiff's claims: (1) asserted under 42 U.S.C. § 1983 for excessive force against Defendants Gonzales and Hernandez and said claims are **DISMISSED**; (2) asserted under 42 U.S.C. § 1983 for bystander liability against Defendant Gonzales and said claim is **DISMISSED**; (3) for state law assault asserted against Defendant Gonzales and said claim is **DISMISSED**; (4) for state law intentional infliction of emotional distress asserted against Defendants Vanier, Gonzales, and Hernandez and

---

[1] Plaintiff presents five objections to the Magistrate Judge's Report and Recommendation. The Court will further address the fourth objection in which Plaintiff objects to the dismissal of his state law assault tort claim against Defendant Gonzales. Plaintiff contends that his Supplement (verified) to his Amended Complaint (not verified) incorporated by reference the unverified allegations of the Amended Complaint and therefore caused those allegations to be verified by the Supplement. The record does not reflect that the Magistrate Judge allowed such a wholesale incorporation of all allegations. Further, the Magistrate Judge's Report and Recommendation clearly shows that Plaintiff's allegation alleging Gonzales pushed Plaintiff in the back was not verified in the Amended Complaint and no such allegation was contained in the verified Supplement.

said claims are **DISMISSED**; (5) for state law false arrest asserted against Defendant Vanier and said claim is **DISMISSED**; and (6) for state law negligence asserted against Defendant Vanier and said claim is **DISMISSED**.

SO ORDERED.

Dated this 17th day of January, 2024.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE